Hillsborough, }
Oct. 4, 1927. }

JENNIE W. BURLEIGH *v.* WONG SOON LEUN & *a.*

*McLane & Davis (Mr. Davis* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

ALLEN, J.  The referee found that the defendant was not a party to the lease, and the main question which the case presents is whether the finding precludes the plaintiff from further right to litigate the issue.  While the question is raised on a denial of a motion to strike out the allegation of the writ setting forth other parties as being the defendant, and while the motion if granted would leave the plaintiff free to bring another action against the defendant, since to strike out the defendant's name would leave a record of no action brought against it, yet both parties admit the scope and purpose of the motion as raising the question of the effect of the finding, and the question has been fully argued.  As the motion may be readily amended by substituting a motion for judgment, and as the parties concede that decision on the exception will determine the defendant's right to judgment, the case has been considered as though the motion were thus amended.

The jurisdictional question arising from the fact that the order of reference was made before the return day of the writ on which the

action was brought is to be resolved in the defendant's favor. The plaintiff made no objection but consented to the order, and while jurisdiction over the subject-matter of a controversy cannot be acquired by agreement of the parties (*Griffin's Petition*, 27 N. H. 343; *Little* v. *Dickinson*, 29 N. H. 56; *Batchelder* v. *Currier*, 45 N. H. 460, 464; *State* v. *Kennison*, 55 N. H. 242, 245; *Mansfield* v. *Holton*, 74 N. H. 417, 421), yet when there is such jurisdiction, irregularity in the proceedings makes them voidable only, and objections to them on that account must be taken specifically and seasonably. *State* v. *Richmond*, 26 N. H. 232, 242; *Warren* v. *Glynn*, 37 N. H. 340, 343; *Kimball* v. *Fisk*, 39 N. H. 110, 123; *Roberts* v. *Company*, 78 N. H. 491, 492. Jurisdiction attaching, the courts' powers "as a necessary incident to their general jurisdiction, to make such orders in relation to the cases pending before them, as are necessary to the progress of the cases and the dispatch of business" follow. *Deming* v. *Foster*, 42 N. H. 165, 178.

When the order was made, the action had been brought and was pending. Although not properly before the court until the return day and entry of the writ, the service of process gave the court jurisdiction. Service of process, and not its return, is the jurisdictional requisite. 21 R. C. L. 1315, and cases cited. The requirements of a return day in the writ and of its return are essentials in the validity of process to bring the parties before the court, but as service may be waived by general appearance, so also may defects in connection with the return. The statutory requirements of process (P. L., *c.* 330, *ss.* 14–20; *Ib.*, *c.* 331, *s.* 1) are designed to provide and accomplish regularity of procedure, but are not indispensable to give jurisdiction if waived by consent or non-objection.

Various enactments giving courts authority to do certain things after process is instituted but before its return show the legislative understanding that the litigation is pending from its institution by service and that jurisdiction attaches from such time; and in particular the provision of P. L., *c.* 316, *s.* 6, that the superior court "shall take cognizance of civil actions . . . according to the course of the common law" indicates a purpose not to make the statutory regulations for the return and entry of process in any way a restriction or encroachment upon common-law jurisdiction.

The master's report was filed and action taken on it after the return day and entry of the writ. Whether by consent action on the report would have been properly taken before the return day and entry therefore does not need to be decided. No objection to any

jurisdictional invalidity in connection with the proceedings being taken at the time, the confirmation of the report, so far as relates to jurisdiction, gave it the effect of an agreed statement of the facts appearing in it, since the parties had agreed that the facts should be found according to the course of procedure taken.

The disposal of the preliminary questions brings for consideration the question of the defendant's right to judgment in view of the master's finding that it was not a party to the lease. It is claimed that the court's findings that the reference was only of the trustee's liability and that neither the court nor the plaintiff had any intention that the master should try the merits of the plaintiff's case make the principle of *res adjudicata* inapplicable.

While only the matter of the trustee's liability was directly referred, yet it was intended by the reference to have the master try the issue whether the defendant was a party to the lease. The defendant claimed by its motion that the attachment was invalid because it was not a party to the lease. It was a proposition that a good defense to the action was ground for vacating the attachment. The statutes relating to *mesne* attachments made the claim legally absurd, but the plaintiff did not demur to the motion, and the agreement for the reference and the course of proceedings under it evidence beyond any doubt that the parties understood and intended that the trustee's liability was dependent upon the issue of the defendant's participation in the lease as a party to it. While the defendant's liability to the plaintiff was not the direct and specific matter referred, yet the trustee's liability as dependent upon such liability of the defendant was referred. This issue was the only question as to which the parties were in dispute, and they sought to have it determined by the reference. The court's adoption of their agreement gave it judicial character, and the meaning and purpose of the reference is shown by the conduct of the parties in entering into it and proceeding as they did under it, since the court acted in pursuance, and not in contravention, of the agreement. The situation is not one in which the parties undertook by later agreement to enlarge the authority given by the agreement, but is one in which the court gave the authority the parties agreed and acted upon. So far as the finding that only the trustee's liability was referred is inconsistent with the facts conclusively appearing and as herein stated, it is to such extent modified.

The master's finding that the defendant was not a party to the lease entitled it to have the attachment dissolved in view of the plaintiff's concession by waiver of defense to the claim that such a

result should follow. Whether it also entitled the defendant to judgment does not depend upon the understanding of either the court or the plaintiff. And the finding in respect to such understanding becomes immaterial. The effect to be given a judgment is wholly a matter of law in the absence of agreement altering or modifying it, and the understanding either of court or party may not control or regulate the force and results which attach to the judgment. The understanding or intention was made no part of the reference and did not limit or restrict the effect of what might be done or follow in action in pursuance of it. The defendant is entitled to such benefit and advantage as the law gives it, and is not to be deprived of its rights because the court and plaintiff did not intend that it should, or understand that it would have them.

Since the trustee's liability became by the law of the trial dependent upon the issue of the defendant's liability to the plaintiff, the finding on such issue in the defendant's favor became a judgment when the court accepted the master's report. The judgment of the trustee's non-liability was predicated on the finding that the defendant was not a party to the lease. While this was not a legally sound reason, the plaintiff accepted it and is therefore bound by it. And the principle of *res adjudicata* applies to such a judgment in the same way as to one in connection with which no rights are waived or neglected. *Batchelder* v. *Robinson*, 6 N. H. 12; *Ashuelot Railroad* v. *Railroad*, 59 N. H. 409. The plaintiff's concession of the sufficiency of the pleading was a substitute for its legal insufficiency.

Under the principle of *res adjudicata*, the conclusiveness between the parties of a judgment as to all matters in issue on which the judgment is founded is too well established to require discussion, and the definition of matters in issue as the essential elements of a cause of action or defense, as "things to be pleaded, as distinguished from those merely proved," has been fully considered and settled in *Chesley* v. *Dunklee*, 77 N. H. 263.

While the motion here related to the attachment as a matter collateral to the action rather than as directly bearing on the merits of the action, yet the motion as a pleading required for its agreed sufficiency the allegation that the defendant was not a party to the lease. The validity of the motion was conceded and established by the failure to demur to it, and the non-relation of the parties as an essential averment of the motion gave its determination in the defendant's favor the force and effect of a judgment. Whether the parties had entered into contractual relationship was by agreement

made the test of the validity of the attachment, and the averment of the motion in denial of such relationship presented the question on which issue was joined. The finding of no relationship was therefore of matter in issue and is to be given conclusive effect under the general rule.

It is argued, however, that proceedings collateral to a cause of action are not decisive of the merits of the cause and that the judgment thereon may not be pleaded as affecting such merits or the issues which the action presents. If the question involved in the collateral proceeding does not make the merits of the cause matter in issue, it follows that such merits are not litigated in the proceeding, but when as here the merits of the cause directly determine the outcome of the proceeding and constitute the only, or an essential, matter to be tried in connection with it, no good reason appears for denying to the judgment the full force and effect which the rule of *res adjudicata* gives. It is true that there must be a fair trial, or fair opportunity for trial, of the matter in issue in the proceeding, but when the parties have had their day in court, the judgment is to be given full effect. "The doctrine of *res judicata* rests at bottom upon the ground that the party to be affected . . . has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Postal Telegraph Co.* v. *Newport*, 247 U. S. 464, 476.

A judgment being conclusive in other cases between the parties as to its matters in issue, if the parties here had gone to trial directly and only on the merits of the action, the finding that the defendant was not a party to the lease would have been a bar to a subsequent action for rent accruing after the action tried was brought. That they went to a trial in which the merits of the action were the matter in issue would seem equally decisive of the merits both in the action brought and as well in any litigation between them which depended upon the merits. The issue of participation in the lease was squarely raised and fairly tried. The parties sought and undertook to have it decided. Determinative of the validity of the attachment, it was also determinative of all other matters dependent upon it. The matter in issue was settled by a trial followed by judgment on the report, and as between the parties it was a disposal of the issue for good and all.

The policy on which the principle of *res adjudicata* rests is the interest of parties and the public that there be an end to litigation. "The peace and order of society demand that matters distinctly

put in issue and determined by a court of competent jurisdiction as to parties and subject-matter, shall not be retried between the same parties in any subsequent suit in any court." *Johnson Company* v. *Wharton,* 152 U. S. 252, 257. And the principle has with us been extended to retrials of the same action where the new trial may be limited to the issues affected by error. See *West* v. *Railroad,* 81 N. H. 522, 533–535. "As the practice formerly was, this would require a new trial of the whole case. But in modern procedure nothing is tried over that has been well tried." *Hoyt* v. *Tilton,* 81 N. H. 477, 479.

To make an exception as the plaintiff urges would be a departure from the general policy of the rule wholly lacking sound reason for its support. The ordered foundations of the doctrine invite no such restriction upon its application. Thus to limit it would be an excision of arbitrary inconsistency from its scope.

The argument that the proceeding was one in which the defendant had the right to open and close and thus took away from the plaintiff an advantage she would have had on a trial of the action is readily answered. The law recognizes no such advantage. The impartiality of justice countenances no discriminations of favor or prejudice and the search for truth is not rendered difficult by rules of procedure. In the necessity of things one party must proceed, and if thereby some benefit is secured, it may fairly be said to be offset by placing on him the burden of proof. No case has been called to notice in which the rule of *res adjudicata* has been denied application because of differences of procedure in the proof of the matter in issue when the trial is a fair one.

Nor may it be said that the proceeding here was of a summary character. No objection was taken to its course and the plaintiff apparently had all the notice and time for preparation for the trial she sought or required. There was no limited or peremptory character attaching to the trial, and no hardship upon the plaintiff was suggested at the time to show that the trial would not be and was not full and fair.

So far as the cases cited by the plaintiff hold generally that the judgment in a collateral and incidental proceeding is not to have the force of the *res adjudicata* rule, without regard to the questions whether the proceeding necessarily involves the merits of the action and whether the trial is fair and regular, they are not followed.

Whether the plaintiff's mistake in her understanding of the effect of the reference gives her any right to have it and the judgment to which it led vacated is an inquiry not raised by the exceptions and

has not been considered. Nor has the incidental question thus raised of the sufficiency of the evidence to entitle the plaintiff to a verdict received attention. Unless sufficient or unless new evidence not available at the trial may now be furnished, a retrial of the issue would necessarily be futile.

If the defendant amends its motion in the superior court, the order there to be made is

*Judgment for the defendant.*

BRANCH, J., did not sit: the others concurred.