Merrimack,
No. 4318.

ROBERT E. LINCOLN & a.

*v.*

JAMES M. LANGLEY & a.

Argued June 1, 1954.

Decided July 1, 1954.

*Charles W. Tobey, Jr.* (by brief and orally), for the plaintiffs.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the defendants.

GOODNOW, J. Under the rule that when no findings appear which make an order improper, all special findings necessary to justify it were presumably made (*LaMarre* v. *LaMarre,* 84 N. H. 553), it is assumed that the order of the Trial Court was based on a finding that the defendants are unable properly to prepare their defense without an opportunity to examine and test both the medications and the parent cultures and that the production of them is demanded in the interests of justice. *Ingram* v. *Railroad,* 89 N. H. 277, 279. It seems to us that such findings could reasonably have been made by the Court upon the record before it (*Kusky* v. *Laderbush,* 96 N. H. 286, 287) and must be supported by us.

The technique of developing bacteriophages from parent cultures composed of germs has been known and utilized in the medical world for many years. The nature of the germs in the parent cultures from which the bacteriophages used by the plaintiffs in this case as medications were derived can only be determined from a laboratory examination and testing of the cultures themselves and not from the bacteriophages alone. It is claimed by the plaintiffs, however, that the order requiring production of the parent cultures is improper because the clinical utility of the bacteriophages used as medications is the material point in issue raised by the defendants and there is nothing in the record to indicate that an examination and testing of the parent cultures by the defendants will disclose anything concerning that issue. This argument disregards the testimony of Dr. Lincoln and the paper prepared by him in 1951 to be read at a medical society meeting.

From this evidence it appears that the germs in the parent

culture are claimed by the plaintiffs to be individual strains of hemolytic staphylococci, selected and developed by Dr. Lincoln, which together with their specific virus partners, are considered by the plaintiffs to possess peculiar and specific qualities. They are said to be "the most virulent and disease producing germs in existence . . . the bases or parent sources from which all human diseases arise"; and the curative quality of the medications used by the plaintiffs is dependent upon the unusual character of these germs from which they are produced.

The right to discovery is "necessarily preliminary, remedial and discretionary." *State* v. *Cote,* 95 N. H. 108, 111. It is not alone when the evidence is necessary to prove the defendants' case that the right exists but also when it is necessary simply for the proper preparation of it. *Lefebvre* v. *Somersworth Co.,* 93 N. H. 354, 356. The defendants, knowing nothing of the nature of the peculiar germs in the parent cultures, are unable to definitely establish that an examination and testing of them is vital to the proof of their claim that the bacteriophages used by the plaintiffs as medications are of no value, but it does not follow that their right to discovery is thereby precluded. In view of the claims made by the plaintiffs concerning the particular strains of germs contained in the cultures and the importance attached to them in connection with the curative qualities claimed for the bacteriophages produced from them, it is evident that the defendants cannot properly prepare to try the issue as to the latter unless they have the benefit of testing and examining the former.

It is also urged by the plaintiffs that the particular strain of germs contained in each parent culture is a trade secret, the nature of which they should not be required to disclose. These germs are nature's product. They are not claimed by the plaintiffs to have been created by Dr. Lincoln but only to have been discovered by him and later developed and propagated by him through standard laboratory procedures. Whether germs as such are properly to be classified as trade secrets, as to which we express no opinion, the production of the parent cultures containing those germs was properly ordered in this case. The privilege not to disclose trade secrets is a limited one which cannot be exercised to prevent a disclosure which is "indispensable for the ascertainment of the truth." *Spain* v. *Company,* 94 N. H. 400, 401. The plaintiffs clearly attribute the unusual curative quality of the

medications used by them in their treatments to the particular strain of germs in the parent cultures. By their claims concerning the importance of these germs, they have made the nature and character of the germs material to the defense of this action by the defendants. The plaintiffs cannot bring an action of libel for injury alleged to have been caused by the defendants' editorial questioning the efficacy of their medications and at the same time prevent discovery by the defendants of what they claim to be the all-important source from which that efficacy is derived on the ground that it is a trade secret. *Richards* v. *Judd,* 15 Abbott's Practice Reports (N. s.) 184 (N. Y.). In ordering that the samples of cultures be delivered to the defendants' expert, a recognized medical authority, and that all unused cultures be returned to the plaintiffs upon completion of the analysis and examination, the Trial Court has provided proper and adequate safeguards against indiscriminate disclosure of the matter deemed by the plaintiffs to be a trade secret.

*Exception overruled.*

All concurred.