Rockingham,
No. 5315.

LAWRENCE STILES & *a.*

*v.*

FRANCIS DUBE & *a.*

Argued April 6, 1965.
Decided June 30, 1965.

*Russell H. McGuirk* and *Robert Shaw* (*Mr. McGuirk* orally), for the plaintiffs.

*Lawrence J. Walsh* (by brief and orally), for the defendants.

BLANDIN, J. The defendants in their brief state that the question presented is whether "In a hearing upon a motion or plea grounded upon fact, can the trial court consider any allegation of fact not supported by sworn testimony or affidavit?" Superior Court Rule 47, upon which the defendants rely, so far as material, states that the court will not "hear any motion grounded upon facts, unless they are verified by affidavit . . . ; and the same rule will be applied as to all facts relied on in opposing any motion."

The defendants' plea in abatement was supported by affidavits that they never dealt with the plaintiff Lawrence Stiles, an inhabitant of Rockingham county, but only with the plaintiff

Frederick Stiles, an inhabitant of Carroll county, as were both defendants. The defendants contend since RSA 507:9 requires that the action be brought in the county where "some one of them resides," no suit lay in Rockingham county.

The plaintiffs filed no affidavits, but alleged at the hearing that they could prove the plaintiff Lawrence Stiles was a proper party and that the action could be brought in Rockingham county under section 9, *supra*. The defendants claim under Superior Court Rule 47 that the Trial Court erred as a matter of law in considering the plaintiffs' allegations and denying the defendants' plea.

It is well established here that the Superior Court has broad discretion to determine whether to waive its own rules and that its action is not reviewable except for abuse of discretion. *Hall* v. *Insurance Company*, 91 N. H. 6, 8; *Timmins* v. *Brennan*, 103 N. H. 459. Upon the record before us, we cannot say as a matter of law that there was any abuse of discretion. It follows that the defendants' exception to the Court's ruling on the motion cannot prevail.

The order is

*Exceptions overruled.*

All concurred.