Cheshire,
No. 5913.

SONYA PAJU, a minor, by her mother
and next friend, IRENE PAJU

*v.*

MYRA HEIKKALA RICKER.

SONJA PAJU, a minor, by her mother
and next friend, IRENE PAJU

*v.*

VILHO A. PAJU, JR.

IRENE PAJU

*v.*

MYRA HEIKKALA RICKER.

IRENE PAJU

*v.*

VILHO A. PAJU, JR.

June 30, 1970.

*William D. Tribble* ( by brief and orally ), for the plaintiffs.

*Hall, Morse, Gallagher & Anderson* ( *Mr. Mayland H. Morse, Jr.* orally ), for the defendant Vilho A. Paju, Jr.

*Bell & Kennedy* ( *Mr. William H. Kennedy* orally ), for the defendant, Myra Heikkala Ricker.

Griffith, J.  On March 12, 1968 these four suits were brought to recover for injuries alleged to have been sustained by Sonja Paju and consequential damage to her mother Irene Paju in an accident involving both defendants on February 26, 1960. Sonja Paju was born on June 26, 1947 and married on July 23, 1966.

Defendants moved to dismiss the actions and specially pleaded the statute of limitations. A hearing on these motions was held on September 11, 1968 by *Loughlin,* J. and the facts set forth above were agreed to by counsel. Subsequently the trial court granted defendants' motion to add the birth and marriage certificate of Sonja Paju to the agreed facts. The trial court granted defendants' motions to dismiss and reserved and transferred plaintiffs' exceptions.

Plaintiffs first argue that the plea of the statute of limitations is a plea in bar requiring allegations and evidence of the facts to be determined at the trial on the merits. The ritual of pleading and procedure is the servant not the master of law in this state. *Lewellyn* v. *Follansbee,* 94 N.H. 111, 114, 47 A.2d 572, 573; *see* Reid " From Common Sense to Common Law to Charles Doe, " 1 N.H.B.J. 27. All of the necessary facts to determine the issue as a matter of law were agreed to by counsel at the hearing. The trial court acted properly in determining the issue on the motions to dismiss. *See Stiles* v. *Dube,* 106 N.H. 339, 211 A.2d 402.

RSA 508:4 provides a six year statute of limitations for these actions. RSA 508:8 permits an infant or mentally incompetent person to bring suit within two years after the disability is removed. Sonja Paju was born on June 26, 1947 and at common law arrived at her majority on June 25, 1968, the day before her twenty-first birthday. 43 C.J.S Infants *s.* 3. The suit on her behalf was brought on March 12, 1968 and on September 11, 1968, the date of the hearing before the trial court, she was of age and entitled to maintain the suit in her own right.

The defendants contend that the marriage of Sonja Paju on July 23, 1966 removed the disability of minority and that a suit could not properly be brought after that date by her mother as next friend. They further contend that since the suit could not properly be brought by the mother no right existed in Sonja Paju to bring suit in her own right after July 23, 1968, two years after her marriage. Sonja Paju's marriage emancipated her (*Town of Fremont* v. *Town of Sandown,* 56 N.H. 300) but the assumption that emancipation removes the disability of minority is erroneous. *Parks* v. *Parks,* 390 Pa. 287, 135 A.2d 65; *Russell* v. *Buck,* 116 Vt. 40, 68 A.2d 691. Cases in which marriage effects a removal of the disability of minority depend upon statutes so providing. 2 Williston on Contracts *s.* 224 (3d ed. 1959); Annot., 91 A.L.R.2d 1272; *cf. Tavernier* v. *Weyerhaeuser Co.,* 309 F.2d 87 (9th Cir. 1962).

It follows that the suit on behalf of Sonja Paju was properly brought by her mother as next friend on March 12, 1968. Her emancipation did not preclude this since the mother's action as next friend merely provided the method of bringing the suit. Sonja was of age at the time of the hearing on September 11, 1968 and the normal procedure at that time would be a motion to amend the writ to substitute her as a party plaintiff. *Woodman* v. *Rowe,* 59 N.H. 453; *Strong* v. *Company,* 82 N.H. 221, 131 A. 688; *Ghilain* v. *Couture,* 84 N.H. 48, 58, 146 A. 395, 400. Although the trial court suggested this procedure counsel for the plaintiff did not adopt it and defendants opposed it.

Under these circumstances the trial court was not required to make the amendment on its own motion (*see Strong* v. *Company supra*) and properly granted the motions to dismiss in the actions on behalf of the minor. If Sonja in her own name wishes to prosecute actions against these defendants for injuries sustained in the accident of February 26, 1960 she may still do so.

Nearly two years have elapsed between the decision of the trial court and submission of the case to us. On June 25, 1970 the two years elapsed within which she could bring suit under RSA 508:8 but RSA 508:10 permits her to bring suit within one year following dismissal without a judgment on the merits of an action brought within the period of limitations. We have recently held that RSA 508:10 runs from the date of affirmance on appeal of the judgment adverse to the plaintiff ( *Sullivan* v. *Adams,* 110 N.H. 101, 261 A.2d 273 ). Accordingly Sonja has one year from the affirmance here of the dismissal of the actions to bring an action in her own name. Under our practice, if there is no prejudice to the defendants, the trial court in its discretion may permit reinstatement of the dismissed actions in Sonja's name provided she appears and so moves in her own right.

The right of Irene Paju to maintain her own actions for consequential damages sustained as a result of the injury to Sonja expired prior to the date she brought the actions. While the right of the parent to recover is derivative there is no disability existing to prevent suit in her own name immediately after the injury to the child. The running of the statute is not postponed by the fact that actual or substantial damages do not occur until a later date. Annot., 173 A.L.R. 750, 752, 754. The actions of the mother Irene not having been brought within six years after the accident are barred by RSA 508:4. *Higgins* v. *Schneider,* 160 A.2d 165, 61 N.J. Super. 36, *aff'd* 33 N.J. 299, 164 A.2d 299; *Stanczyk* v. *Keefe,* 384 F.2d 707 ( 7th Cir. 1967 ).

*Exceptions overruled.*

All concurred.