Strafford
No. 6342a

FREDERICK J. BARRY, ADMINISTRATOR W.W.a. OF

.  ESTATE OF ELSIE M. COURSER

v.

BANK OF NEW HAMPSHIRE, NATIONAL ASSOCIATION

April 30, 1973

*Frederick J. Barry,* by brief and orally, pro se.

*Devine, Millimet, Stahl & Branch* and *Luke S. O'Neill, Jr. (Mr. O'Neill* orally) for the defendant.

KENISON, C.J. This appeal is a continuation of the litigation in *Barry v. Bank of New Hampshire,* 112 N.H. 226, 293 A.2d 755 (1972), where the underlying facts involved in this dispute are set forth. Plaintiff on this appeal contends that our judgment for the defendant in that opinion decided questions beyond those presented to us for decision and foreclosed him from proof of certain factual matters allegedly pertinent to his case.

Plaintiff, the holder of an unperfected purchase money security interest in certain lumber, originally instituted an action against the defendant bank, which also had a security interest in the lumber, for conversion for selling the lumber. The defendant demurred to plaintiff's declaration, and the superior court transferred to this court upon an agreed statement of facts the question whether the case was controlled by the Uniform Commercial Code (RSA ch. 382-A) or by the common law. We decided that the relevant secured transactions were governed by RSA 382-A:9, that the bank's duly filed financing statement had priority over plaintiff's security interest (RSA 382-A:9-312 (3) (a) - (c)), and that the defendant's demurrer should be sustained and judgment entered for the defendant. *Barry v. Bank of New Hampshire,* 112 N.H. 226, 293 A.2d 755 (1972). After this court denied plaintiff's motion for a rehearing, he moved the superior court to reopen the case and receive certain evidence. The plaintiff excepted to the superior court's denial of his motion to reopen and notice to introduce evidence, and the propriety of those rulings was transferred here for review by *Cann,* J.

While this court decides only questions presented to it for decision, the resolution of those questions may be determinative of the entire case as a matter of law. *See Burleigh v. Leun,* 83 N.H. 115, 139 A. 184 (1927). So it was in our previous decision in this case. After determining the applicability of article 9 of the Uniform Commercial Code (RSA 382-A:9) to the transactions of the parties, we were able to determine upon the stipulated facts that the bank's security interest in the lumber was superior to the plaintiff's as a matter of law under RSA 382-A:9-312 (3) (a) - (c).

The plaintiff now contends, however, that our holding on the superiority of the bank's interest was predicated upon facts which had not been stipulated to but were in dispute. His primary contention on this point is that there had been no stipulation that the bank's financing statement had been "duly" filed as we stated it to have been. *See* RSA 382-A:9-401 (1) (d). We see no reason to reconsider our conclusion of due filing since the bank's interest would still be superior to the plaintiff's even if the filing had indeed been defective. This is because "priority between conflicting security interests

in the same collateral shall be determined . . . (b) in the order of perfection . . . ." RSA 382-A:9-312 (5). Plaintiff's security interest was never perfected, by filing or otherwise (*see* RSA 382-A:9-302), whereas the bank's interest was perfected at the very latest upon its taking possession of the lumber on February 15, 1963. RSA 382-A:9-302 (1) (a); RSA 382-A:9-305; 4 Anderson, Uniform Commercial Code § 9-305:4 et seq. (2d ed. 1971). Consequently, the plaintiff has no cause to complain of our earlier holding that the bank's interest was superior to his own.

The plaintiff seeks to prove that the defendant is not a "lien creditor without knowledge" of plaintiff's security interest. *See* RSA 382-A:9-301 (1) (b), (c). But that section of the Code is irrelevant to this case since the defendant is not a "lien creditor" but a "secured party", with priority under RSA 382-A:9-312 as discussed above. Relying upon RSA 382-A:9-108 plaintiff also seeks to prove that the defendant failed to give new value to be secured by the after-acquired lumber inventory at issue. But article 9 "generally validates such after-acquired property interests (see Section 9-204 and Comment)" (RSA 382-A:9-108, Uniform Law Comment 1), and such interests take "priority over claims of subsequent creditors . . . except . . . sellers to the debtor holding perfected purchase money security interests . . . ." 4 Anderson, *supra* § 9-204:11, at 183. Plaintiff's interest was never perfected, as stated earlier. Nor does plaintiff's effort to establish a course of dealing or usage of trade as defined in RSA 382-A:1-205 have any relevance or merit, and his notice to introduce evidence in that regard was properly denied.

Our determination of the superiority of the bank's interest in this decision and our earlier opinion rendering judgment on the defendant's demurrer necessarily only relates to the conversion case as originally pleaded by the plaintiff. In his motion to reopen the case plaintiff has alleged that the "defendant failed to give plaintiff any notice of intention to sell said lumber or any notice of the time and place of said sale as required by RSA 382-A:9-504 (3)" and that the terms of the sale were not "commercially reasonable" as also required by RSA 382-A:9-504 (3). This claim arises out of our previous decision that the case is governed by the Com-

mercial Code, and the plaintiff, without the aid of counsel at the time the action was instituted, could not reasonably have been expected to plead this claim upon his common-law theory of the case prior to that decision. Consequently, whether he may now amend his pleadings to include this claim lies in the discretion of the trial court. RSA 514:9; RSA 491:App. R. 24, 221 (Supp. 1972); *McGrath v. McGrath.* 109 N.H. 312, 251 A.2d 336 (1969); *see, e.g., Morphy v. Morphy,* 112 N.H. 507, 298 A.2d 580 (1972); *Morency v. Plourde,* 96 N.H. 344, 76 A.2d 791 (1950). With the exception of proceeding on this limited issue, however, the plaintiff is barred by res judicata from litigating any other issues in this case. *See Roy v. Manchester Gas Co.,* 113 N.H. 140, 302 A.2d 825 (1973); *Archie v. Piaggio Company,* 109 N.H. 162, 245 A.2d 76 (1968); *Burleigh v. Leun,* 83 N.H. 115, 139 A. 184 (1927).

*Exceptions sustained in part, overruled in part; remanded.*

All concurred.