Rockingham
No. 6918

#### TIMBERLANE REGIONAL EDUCATION ASSOCIATION & a.

v.

#### ROBERT V. CROMPTON

May 17, 1974

*McLane, Graf, Greene & Brown* and *Jack B. Middleton (Mr. Middleton* orally) for the plaintiff.

*Soule & Leslie (Mr. Lewis F. Soule* orally) for the defendant.

PER CURIAM. The issue in this case is whether the order of the Trial Court (*Morris,* J.) that defendant provide the names and addresses of all employees of the Timberlane Regional School District on the basis of RSA ch. 91-A (the right to know law) should be vacated. This case arises out of the same labor dispute considered in *Timberlane Regional School District v. Timberlane Regional Education Association,* 114 N.H. 245, 317 A.2d 555 (1974).

The plaintiff sought and obtained an order from the superior court that the defendant furnish the names and addresses of the substitute teachers employed during the existence of the strike. A Master (*Leonard C. Hardwick,* Esq.) heard evidence and recommended the order.

.Plaintiff's reasons for requesting the information were to determine the credentials of the substitutes, to obtain information to determine whether there were violations of RSA ch. 275-A relating to professional strikebreakers, and to be able to contact the substitutes. Defendant's motion to set aside the decree was denied and his exceptions were transferred by *Morris,* J.

In *Mans v. Lebanon School Board,* 112 N.H. 160, 290 A.2d 866 (1972), it was held that RSA ch. 91-A required the disclosure of the salaries of teachers. That case which was reaffirmed in *Menge v. Manchester,* 113 N.H. 533, 311 A.2d 116 (1973), is controlling here. We find no basis in the evidence, as defendant suggests, that the master and the trial court were unaware of the principle under which the extraordinary powers of equity may be withheld on the ground of hardship to the defendant. *See Johnson v. Shaw,* 101 N.H. 182, 137 A.2d 399 (1957).

*Exceptions overruled.*

GRIMES, J., dissented.

GRIMES, J. dissenting: I dissented in *Mans v. Lebanon School Board,* 112 N.H. 160, 290 A.2d 866 (1972), on the basis that RSA 91-A:5 specifically exempts from disclosure any information which would constitute an invasion of privacy. It seems to me that where a person lives is even more an invasion of privacy than the amount of his salary, and that there is less reason for its disclosure especially in this case. I, therefore, dissent.