Original
No. 6825

JULIE GALLO

v.

CENTURY BROADCASTING, d.b.a. WFEA RADIO STATION

December 31, 1974

*Wiggin, Nourie, Sundeen, Pingree & Bigg (Mr. Dort S. Bigg orally)* for the plaintiff.

*Sheehan, Phinney, Bass & Green* and *James Q. Shirley (Mr. Shirley* orally) for the defendant.

PER CURIAM. The defendant, whose request to transfer was denied by the Merrimack District Court, filed this petition for certiorari seeking a ruling that the evidence will not support the court's verdict for the plaintiff. Plaintiff brought suit in Merrimack District Court to recover the value of a prize which she claims to have won in a contest conducted by the defendant. The matter was tried in the district court which, after making certain findings and rulings, rendered a verdict for the plaintiff in the amount of $1,200.

The court found that the defendant ran a contest which offered certain prizes to contestants who submitted entry blanks at various outlets and whose names, drawn at random, were announced over the air, provided the contestant called defendant's telephone number 669-1370 within one minute and thirty-seven seconds; that the plaintiff's name was announced as the winner of a Polaris Snowmobile and she immediately called the designated number but was unable to complete the call because the line was busy; and that she continued to redial but because of the busy line was unable to complete the call within one minute and thirty-seven seconds but did soon thereafter and was told that she was too late. The court also found that the line was busy forty to fifty seconds of the allotted time because of calls not related to the contest. The court ruled that defendant had a duty to provide plaintiff with reasonable access to complete her call and failed to do so.

Defendant filed a proposed reserved case seeking a transfer to this court of the questions of law raised by its exceptions in accordance with RSA 491:17 and RSA 502-A:17-a (Supp. 1973). The transfer was denied by *Morrill, J.*, and defendant filed this petition.

Under Superior Court Rule 69 which governs the filing of proposed reserved cases in the Merrimack District Court, a proposed reserved case must be filed "*before* judgment day" [emphasis added] unless otherwise ordered. The district court verdict was rendered in late July 1973. Judgment day which then governed the filing of a proposed reserved case fell

on September 4, 1973. Defendant's proposed reserved case was placed in the mail on that date and received at the clerk's office the next day. Defendant claims that on September 4 he offered to hand-deliver it and was told by the clerk that mailing it would be acceptable. However, the time limit had already elapsed. RSA 491:17 and RSA 502-A:17-a (Supp. 1973) provide that district court justices may transfer questions of law to this court if they "think fit". We are unable to tell whether the transfer was denied because of the late filing or in the exercise of the discretion granted by the statute. In either event, we find no abuse of discretion.

We do not find that resort to the extraordinary remedy of certiorari is warranted on the facts of this case. Certiorari is granted sparingly and only when the substantial ends of justice require such action, and ordinarily not when other procedures are available. *George v. Commercial Credit Corp.*, 105 N.H. 269, 197 A.2d 212 (1964). Thus, when a party has waived his right to appeal by failure to file within the time prescribed, certiorari will ordinarily be denied. *Nashua v. Public Utilities Commission*, 101 N.H. 503, 148 A.2d 277 (1959); *Hunter v. State*, 107 N.H. 365, 222 A.2d 214 (1966). Although those cases dealt with statutory limitations, they are also applicable to limitations contained in valid rules of court. This defendant had over a month in which to file its proposed reserved case and was late by two days. No extenuating circumstances appear to justify the delay.

*Petition denied.*