Rockingham
No. 7264

TIMBERLANE REGIONAL EDUCATION ASSOCIATION
AND ELLEN FARRELLY

v.

ROBERT V. CROMPTON

October 31, 1975

*McLane, Graf, Greene, Raulerson & Middleton* and *Bruce W. Felmly* (*Mr. Felmly*) orally) for the plaintiff.

*Soule & Leslie (Mr. Lewis F. Soule* orally) for the defendant.

PER CURIAM. The issue we decide in this case is whether the lower court abused its discretion in denying the plaintiff's motion either to strike the waiver of exceptions or to waive superior court rule 73. Since that question is answered in the negative, we cannot reach the issue of whether the lower court erred in denying the plaintiff's motion for attorney's fees and costs pursuant to RSA 91-A:8 (Supp. 1973).

This transfer comes to this court as an outgrowth of our decision in *Timberlane Regional Education Association v. Crompton,* 114 N.H. 315, 319 A.2d 632 (1974). In that case the defendant was ordered to provide plaintiff with the names and addresses of employees of the Timberlane Regional School District pursuant to RSA ch. 91-A (Supp. 1973), the "Right to Know" law. On May 21, 1974, plaintiff filed a motion under RSA ch. 91-A (Supp. 1973) to recover reasonable attorney's fees and costs in the amount of $1,675.95. A hearing was held before *Morris,* J., on September 10, 1974, at which time the motion was denied. Plaintiff seasonably excepted, and filed a proposed reserved case on September 30, 1974, to transfer all questions of law. Plaintiff's letter of transmittal accompanying the proposed reserved case requested of the clerk of court to be advised of the costs of transfer so that they might immediately be paid.

At this point the facts become in dispute. The defendant alleges that on October 3, 1974, the office of the clerk of the court sent a notice to counsel for the plaintiff indicating transfer costs. Counsel for the defendant did receive a copy of that notice. Counsel for the plaintiff alleges that not having received such notice, on January 27, 1975, inquiry was made at the office of the clerk of the court to determine the status of the transfer. Counsel was then informed for

the first time that plaintiff's exceptions were deemed waived on October 18 pursuant to superior court rule 73 by reason of a failure to pay the transfer fee of $75.

On February 3, 1975, plaintiff filed a motion to strike the waiver of exceptions. The motion was accompanied by three sworn affidavits stating that there was no recollection of ever receiving the notice of October 3 and that the notice was not found after a diligent search of the file and all related files where it might have been incorrectly filed. The motion was also accompanied by a check for $75 as payment of the transfer costs. A hearing was held on the motion on February 12, 1975, before *Bois,* J. On February 18, 1975, plaintiff's motion was denied, and plaintiff seasonably excepted. On February 25, 1975, plaintiff filed a motion to waive superior court rule 73 alleging substantial injustice. A hearing was held on the motion before *Bois,* J., who on March 7, 1975, denied plaintiff's motion and transferred all questions of law raised by the plaintiff's exceptions.

Rule 73 of the superior court reads in part, "The Clerk shall, without delay, ascertain from the stenographer the estimated number of pages to be transcribed and shall forthwith notify the party liable therefor of the estimated cost to him at the rate of fifty cents per page for each copy thereof, and the estimated cost of printing or reproducing the reserved case and appendix, both to be paid by him within fifteen days after notice; otherwise his exceptions shall be deemed waived."

Since there is no record of the proceedings in the superior court, we cannot say that the evidence did not support the court's implied finding that the notice of transfer fees was delivered to the office of plaintiff's counsel. *Bergeron v. Hunt,* 110 N.H. 278, 266 A.2d 121 (1970); *Lincoln v. Langley,* 99 N.H. 158, 159, 106 A.2d 383, 384 (1954). Delivery to their office is notice to plaintiff's counsel. *Newport v. State,* 115 N.H. 506, 345 A.2d 402 (1975). We cannot say, therefore, on the record before us that the court erred in denying plaintiff's motion to strike the waiver of exceptions.

Nor can we hold that the court abused its discretion when it refused to waive rule 73. The hearing on the motion was also unrecorded. The trial court has broad discretion whether to waive its rules. *Stiles v. Dube,* 106 N.H. 339, 211 A.2d 402 (1965); *Merchants National Bank v. Sullivan,* 98 N.H. 151, 152, 95 A.2d 780, 781 (1953); *Gallo v. Century Broadcasting,* 114 N.H. 810, 330 A.2d 780 (1974). We are satisfied that there was no intentional and deliberate waiver on

the part of plaintiff's counsel and that the failure to pay the fee within the time limit was due to accident or misfortune. However, we cannot substitute our judgment for that of the trial court under the standard of review which is applicable in this situation and since we are unable to say that the court abused its discretion in refusing to waive its rule, we uphold the decision below.

*Exceptions overruled.*