Strafford
No. 7277

FREDERICK J. BARRY, ADM'R w.w.a. OF
THE ESTATE OF ELSIE M. COURSER

v.

BANK OF NEW HAMPSHIRE, NATIONAL ASSOCIATION

November 28, 1975

*Frederick J. Barry,* by brief and orally, pro se for the plaintiff.

*Devine, Millimet, Stahl & Branch, Luke S. O'Neill, Jr.,* and *Silas Little III (Mr. Little* orally) for the defendant.

MEMORANDUM OPINION

After the decisions in this case reported at 112 N.H. 226, 293 A.2d 755 (1972) and 113 N.H. 158, 304 A.2d 879 (1973), a jury returned a verdict for the defendant in December 1974 following a trial at which the plaintiff was represented by counsel. Thereafter counsel withdrew, and the plaintiff, acting pro se, on December 18, 1974, filed a motion to set the verdict aside. The motion was denied by *Mullavey,* J., who presided at the trial.

The plaintiff submitted a proposed reserved case on February 18, 1975, which was after expiration of the time limited by superior court rule 69. RSA 491:App. R. 69 (Supp. 1973). The defendant's motion for judgment was granted on February 28, 1975, after a hearing at which the plaintiff sought relief from his failure to comply with rule 69, on the grounds of accident, mistake, or misfortune as provided by the introduction to the superior court rules. RSA 491:App. (Supp. 1973, at 100). On March 3, 1975 his proposed reserved case was denied by the pre-

siding justice "as not being timely filed". His exception to this order was reserved and transferred to this court by *Mullavey*, J.

There is no question that rule 69 was not complied with. In consequence all exceptions were deemed waived on judgment day. Since there are no transcripts of the post-trial hearings in superior court, it cannot be said that the trial court abused its discretion in denying the plaintiff relief from his failure to comply with rule 69. *Timberlane Regional Educational Association v. Crompton*, 115 N.H. 616, 347 A.2d 612 (1975); *Gallo v. Century Broadcasting*, 114 N.H. 810, 330 A.2d 780 (1974). The order implies a finding that justice did not require the relief sought, and the plaintiff's subsequent motion to remand is denied.

*Plaintiff's exception overruled; judgment for the defendant.*