158

ROBERT SHAW

v.

CITY OF MANCHESTER & a.

March 24, 1978

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* orally), for the plaintiff.

*John Van N. Dorr III,* of Manchester, for the defendant city of Manchester.

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* orally), for V.S.H. Realty Inc., intervenor.

PER CURIAM. This case involves a question of the time limit on appeals from a zoning board of adjustment which reversed itself on rehearing.

On November 3, 1975, the Manchester Zoning Board of Adjustment denied V.S.H. Realty Inc.'s request for a variance and special exception for the construction of a dairy outlet, food store, and gasoline service facility. V.S.H. filed a timely motion for rehearing, which was granted, and after rehearing the board on January 5, 1976, granted the variance and special exception. On January 12, 1976, Robert Shaw, who has opposed the granting of the variance and exception at both the original hearing and rehearing, moved for a rehearing before the board with respect to its order of January 5, 1976. On January 20, 1976, the board notified Shaw that the hearing of January 5, 1976, was a rehearing and that his next move was to appeal to the superior court in accordance with RSA 31:77.

On February 10, 1976, Shaw filed an appeal in the superior court. V.S.H. filed a motion to dismiss on the ground that the appeal was filed more than thirty days after January 5, 1976, and was therefore barred by RSA 31:77. This motion was granted by *Mullavey*, J., on September 17, 1976, and Shaw was notified by letter dated September 23. On October 5, 1976, Shaw moved for a rehearing. V.S.H. objected to this motion on the ground that the motion to dismiss having been granted on September 17, Shaw had only until the first Tuesday of October or October 5 to file a proposed reserved case which was not done. Shaw filed a proposed reserved case on October 26, 1976. On November 26, 1976, a rehearing was granted and the order dismissing the appeal was vacated. V.S.H. Realty's motion to dismiss was denied, and its exceptions were transferred by *DiClerico*, J.

RSA 31:74 (Supp. 1975) provides that "[w]ithin 20 days after any order or decision of the board of adjustment, . . . any party to the . . . proceedings, or any person directly affected thereby, may apply for a rehearing. . . ." RSA 31:75 provides that "[n]o appeal from any order or decision of the board of adjustment . . . shall be taken unless the appellant shall have made application for a rehearing. . . ." RSA 31:77 provides that "[a]ny person aggrieved by any decision of the board of adjustment . . . may apply to the superior court within thirty days after the action complained of, has been recorded. . . ."

■ It is clear from these provisions and from our cases that the filing of an application for a rehearing is a precondition of an appeal to the court by an "aggrieved" person. *Bourassa v. Keene*, 108 N.H. 261, 234 A.2d 112 (1967). The board's order of January 5, 1976, after the rehearing, was a different order from the one issued on November 3, 1975, and it is clear that Shaw was an aggrieved party as a result of the January 5, 1976 order. He properly applied for a rehearing; the board's notification to him amounted to a denial of a rehearing, and the time limit on appeal began to run from that time. His appeal to the superior court was, therefore, timely.

■ It is true, as the defendants assert, that the order of January 5, 1976, was itself the result of a rehearing. However, that rehearing was at the request of V.S.H. and resulted in a new order making Shaw an aggrieved party. This triggered the need for plaintiff to apply for a rehearing as a precondition to appeal. This does not mean, as defendants suggest, that boards of adjustment will be forced to consider an endless series of rehearing applications, for it is only when the board reverses itself at a rehearing—thus creating new aggrieved parties—that the statute comes into play.

■ Defendants' exception to the consideration of the motion for rehearing in the superior court because filed on, rather than before, October 5, 1976, deserves little consideration. Assuming that the motion was filed one day late it was not an abuse of the court's discretion to consider the motion. *See Timberlane Regional Educ. Ass'n v. Crompton*, 115 N.H. 616, 347 A.2d 612 (1975). *See also Gallo v. Century Broadcasting*, 114 N.H. 810, 330 A.2d 780 (1974).

*Exceptions overruled.*

LAMPRON, J., did not sit.