Rockingham
No. 7963

R. J. BERKE & CO., INC.

v.

J. P. GRIFFIN, INC.

June 19, 1978

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Joseph F. Devan* orally), for the plaintiff.

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth (*James E. Ritzo* orally), for the defendant.

LAMPRON, J.   The question to be decided is the validity of the trial court's discretionary denial of defendant's motion for late entry of an appeal under superior court rule 74 (1977). This appeal is a continuation of *Berke Co. v. Griffin, Inc.*, 116 N.H. 760, 367 A.2d 583 (1976), in which we affirmed a judgment for plaintiff Berke in the sum of $9,428.29. After our decision, the plaintiff moved for taxation of costs and execution. The amount of costs was disputed by the parties, so the matter was heard by the same Judicial Referee (*Blandin*, J.) who heard the previous proceedings.

An order was issued by the judicial referee on May 12, 1977, taxing costs against the defendant and further ordering that the defendant indemnify and save harmless the plaintiff from liability in three actions pending in the superior court. These actions were brought by three of the plaintiff's creditors who had supplied the plaintiff with labor and materials for the construction project which gave rise to the original suit between plaintiff Berke and defendant Griffin. The defendant excepted to the indemnification portion of the referee's order, claiming that this part of the order changed the decision of this court in *Berke Co. v. Griffin, Inc.*, 116 N.H. 760, 367 A.2d 583 (1976).

A hearing was held thereon and the referee issued a written report, the following excerpt of which succinctly summarizes the proceedings below.

Proceedings began in March 1970. The basic question before me now is the interpretation of the Supreme Court's opinion . . . handed down December 30, 1976. This appeared to me to confirm and approve my findings, rulings and verdicts in the cross actions of Berke et als vs. Griffin et als in equity and an action at law by Griffin et als against Berke et als.

In these actions I rendered a verdict for the plaintiff, Berke, for the *net* amount due him of $9,428.29 and in Griffin's cross-action the verdict was for the defendant, Berke. In reaching this verdict I credited Griffin with paying the three creditors a total of $32,150.41 which Berke agrees he should have paid but did not do so. It seemed sensible to me that Griffin, a local contractor, should pay these area creditors rather than my allowing the sums due them to Berke, a Massachusetts corporation, and ordering him to pay them. Berke agreed to this procedure and as I read the Supreme Court's opinion it was approved. Griffin now claims that this Court and the Supreme Court, intended that Berke should still pay these three creditors leaving him with a net verdict, not of $9,428.29, but a minus of $22,922.02. This appears to me an absurd result never intended by this Court nor do I believe by the Supreme Court.

. . .

### CONCLUSION

Unquestionably, Griffin has no intention of paying the three creditors or observing what I believe was the plain meaning of the Supreme Court's opinion confirming my findings, rulings and verdicts. I anticipate that more motions and delays lie ahead.

Since I find as a fact, that Griffin's motions and conduct are both frivolous and unreasonable (Superior Court Rule 59), I find justice requires that: Griffin be assessed reasonable Attorney's fees and costs from May 12, 1977. A bill for same to be submitted by counsel for approval by the Judicial Referee.

The report of the judicial referee was approved by the court (*Perkins,* J.) on July 5, 1977. No bill of exceptions or proposed reserved case was filed by the defendant before judgment day, the first Tuesday of August 1977, as required by superior court rule 74

(1977). The attorney for defendant Griffin did, however, file a reserved case and bill of exceptions on the morning of judgment day, August 2, 1977. The plaintiff objected to the late filing of the appeal. In an affidavit filed with its motion for a late entry of appeal, the defendant's attorney stated that he was told by the clerk of the superior court that a reserved case filed *on* judgment day would preserve the appeal. The attorney claims that he relied on the clerk's authoritative statement of the existence of such a custom, practice, and procedure. The judicial referee recommended that the motion for late entry of appeal be denied. The Superior Court (*Keller*, C.J.) approved the referee's recommendation, and reserved and transferred the sole question of "the validity of the Court's discretionary denial of the defendant's motion for entry of an appeal."

Superior court rule 74 (1977) governs the filing of proposed reserved cases. Under this rule a bill of exceptions or proposed reserved case must be filed *before* judgment day unless the court orders otherwise. The trial court has broad discretion in determining whether to waive its rules. *Timberlane Regional Educ. Ass'n v. Crompton*, 115 N.H. 616, 618, 347 A.2d 612, 614 (1975). It is only an abuse of this discretion that will cause us to reverse the trial court's decision, and we will not substitute our judgment for that of the trial court. *Id.* Reliance on the clerk of court does not necessarily excuse an attorney from violating the clear directive of a court rule. *See Shaw v. City of Manchester*, 118 N.H. 158, 384 A.2d 491 (1978); *Gallo v. Century Broadcasting*, 114 N.H. 810, 330 A.2d 780 (1974). We cannot say on the record before us that the trial court abused its discretion in denying the late appeal.

Plaintiff maintains in its brief that because defendant has "prolonged this litigation through obstinate, vexatious and frivolous conduct" it is entitled to counsel fees and costs on this appeal. RSA 490:14-a (Supp. 1977) authorizes this court to impose penalties in the form of costs and interest for appeals that are "frivolous; immaterial or intended for delay. . . ." Obviously this statute was not intended to be applied in every case in which an appellant loses. Furthermore, the present appellant is already under a superior court order that it be assessed "reasonable attorney's fees and costs from May 12, 1977" in this case. Under the circumstances of this appeal we are not disposed to make any further orders of counsel fees and costs.

*Exceptions overruled.*

All concurred.