# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0636, <u>In the Matter of Cassandra Napolitano and Aaron Napolitano</u>, the court on September 4, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The respondent, Aaron Napolitano (father), appeals orders of the Circuit Court (<u>Lemire</u>, J.) granting a request of the petitioner, Cassandra Schaffer f/k/a Cassandra Napolitano (mother), to relocate the parties' child to Virginia, <u>see</u> RSA 461-A:12 (Supp. 2019), on the basis that the father had not filed a written objection within "the 10 day responsive pleading period," and denying the father's motions for reconsideration and for late entry of his objection. The father argues in part that the trial court unsustainably exercised its discretion by denying his motions to reconsider and to allow late entry of his objection after it had treated the mother's pleading, which her counsel had expressly entitled a "petition," as a "motion," and had applied the responsive pleading deadline applicable to motions. <u>See</u> <u>Fam. Div. R.</u> 1.26(E). We agree.

RSA 461-A:12 generally prohibits a parent, at any time after a divorce or parenting petition has been filed, from relocating a residence in which a child resides at least 150 days per year unless a court order authorizes the relocation, the relocation is within the child's school district or results in the child living closer to the other parent, or the relocation is necessary to protect the safety of the child or parent. <u>See</u> RSA 461-A:12, I, II, II-a. The statute entitles the other parent to reasonable notice prior to the relocation and to a hearing on relocation upon request. <u>See</u> RSA 461-A:12, III, IV. The statute places the initial burden on the parent seeking to relocate to demonstrate that the relocation is for a legitimate purpose and that the proposed location is reasonable. <u>See</u> RSA 461-A:12, V. If the relocating parent satisfies that burden, the burden shifts to the other parent to prove that the proposed relocation is not in the child's best interest. <u>See</u> RSA 461-A:12, VI; <u>see also</u> <u>In the Matter of St. Pierre & Thatcher</u>, 172 N.H. 209, 221-22 (2019).

Family Division Rule 2.3 requires that all domestic relations matters be commenced by the filing of a "petition." <u>Fam. Div. R.</u> 2.3(A). The rule requires that "[t]he subject matter of the petition, such as petition for divorce, . . . be stated in the title of the petition." <u>Fam. Div. R.</u> 2.3(D). The rule applies not only to new domestic relations matters, but to new disputes arising between

parties following the issuance of a final decree in a domestic relations case, such as a post-divorce dispute over parenting rights and obligations. See Fam. Div. R. 2.3(I). Upon the filing of a petition by one party, the trial court is required to prepare a "Notice to Respondent" that notifies the opposing party of the petition and to attach the notice and an appearance form to the petition. See Fam. Div. R. 2.4(B). The petitioning party is then required to effectuate formal service of the notice, petition, and appearance form unless the opposing party has accepted service. See id. Once the opposing party has been served, the opposing party must file a written appearance within fifteen days of receipt of the notice in order to participate in the case, and may file a responsive pleading within the timeframe set forth in the notice. See Fam. Div. R. 2.5(A)&(B). By contrast, after a domestic relations matter has been commenced, parties may direct any request for judicial relief that may arise in that case by filing a written "motion" that certifies delivery of the motion upon the opposing party. See Fam. Div. R. 1.26(A). Any objection to a motion must be filed within ten days of when the motion was filed. See Fam. Div. R. 1.26(E).

The trial court has broad discretion to waive the strict application of any rule "[a]s good cause appears and as justice may require." Fam. Div. R. 1.2; see also Anna H. Cardone Revocable Trust v. Cardone, 160 N.H. 521, 525 (2010). "Good cause" under this rule does not bar relief from all consequences of neglect. In re D.O., 173 N.H. ___, ___ (decided February 13, 2020) (slip op. at 10-11). "Good cause is equivalent to what is 'reasonable and just.'" Id. (slip op. at 11). "In contexts other than those involving statutes of limitations, we have emphasized justice over procedural technicalities." Cardone, 160 N.H. at 525.

The record reflects that the parties are the divorced parents of a minor child born in 2013. Pursuant to their April 2016 final parenting plan, the father had parenting time every Wednesday evening and every other weekend. At a hearing on a child support dispute between the parties held on August 13, 2019, the mother's attorney hand-delivered to the father a copy of a pleading seeking to relocate the child; it was entitled, "**PETITION TO MODIFY PARENTING PLAN – RELOCATION**." The mother's counsel further mailed the pleading to the trial court on August 13 with a cover letter "[e]nclos[ing] . . . the Petitioner's Petition . . . for Relocation" for filing, and claiming that, because the matter was "currently open for a child support issue," no filing fee was due. The trial court received the pleading for filing on August 15.

In the pleading, the mother asserted that she had remarried, that her spouse had been assigned to active duty at the United States Navy base in Norfolk, Virginia, and that, although the father had initially agreed to her relocating the child to Virginia, he had since revoked his agreement. She further alleged that the father had not maintained consistent employment and was not paying child support, that she was the child's primary caregiver, that she believed the request was reasonable because she was seeking to reside

2

with her spouse, and that she believed the request was in the child's best interest because she had consistently provided for the child's physical and financial care. The pleading contained a certificate of service certifying that "this Motion" had been mailed to the father on August 13, 2019. By margin order dated August 27, 2019, the trial court ruled: "As no written objection has been filed by respondent (the 10 day responsive pleading period having passed), the request to relocate the child's residence is granted. A hearing to address the modified Parenting Plan shall be held . . . ."

Although the trial court's order was dated August 27, the trial court issued it by notice of decision dated September 9, 2019. On September 16, the father, without counsel, moved for reconsideration and for late entry of an objection, asserting that on receipt of the "petition for relocation," he had contacted the clerk's office and was told not to file an objection until he had been "served." The father in fact was not served with the pleading or a court notice in accordance with Family Division Rule 2.4(B). Additionally, the father filed a verified objection to the pleading in which he disputed the mother's factual allegations, asserted additional factual allegations, and argued why he believed the request for relocation was neither reasonable nor in the child's best interest. The mother objected to the motion for reconsideration, arguing in part that, because her cover letter had asserted that there was an open child support matter and that no additional filing fee was required, the father was necessarily on notice that there would be no court notice issued and no formal service of the pleading. Additionally, the mother filed a response to the father's objection in which she disputed many of the father's factual assertions and made additional factual allegations relative to the relocation request. The trial court denied the father's motions, but noted that "[i]nsofar as the objection [to the petition to relocate] contains information relevant to the development of a new Parenting Plan, it will be considered."

Thereafter, the father retained counsel who filed a successive motion for reconsideration, asserting in part that the order granting the relocation request was effectively a default judgment, that the pleading had been styled as a "petition," and not a "motion," that the father had been told by the clerk's office to respond to it on the basis of its characterization as a petition, and that the father was contesting that relocation was in the child's best interest. Under these circumstances, the father argued that it would be reasonable for the trial court to exercise its discretion and allow the father's late entry of his objection. Additionally, the father filed an affidavit asserting, under oath, that "[o]n September 11, 2019 I went to the Clerk's Office with the Petition for Relocation and the Clerk advised me to wait until I was served before filing my objection."

The trial court denied the successive motion for reconsideration "for the reasons specified in the objection." The trial court observed that: (1) the mother had alleged in the petition, under oath, that she had notified the father of her intent to relocate; (2) the mother's counsel had certified that she had

mailed the petition to the father on August 13; (3) the father did not "request a hearing to address the relocation issue when he was notified of it as he could have done pursuant to RSA 461-A:12"; (4) it was the mother "who preemptively filed a pleading seeking an order to permit the move"; and (5) the motion was in fact a motion to reconsider the denial of the prior motion for reconsideration based on the fact that the father was then self-represented, and that this fact "does not constitute good cause." This appeal followed.[1]

We review the trial court's decisions not to allow late entry of the father's objection and to deny his motions for reconsideration for unsustainable exercises of discretion. In the Matter of Geraghty & Geraghty, 169 N.H. 404, 419 (2016); R. J. Berke & Co. v. J. P. Griffin, Inc., 118 N.H. 449, 452 (1978); see also State v. Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To establish that the trial court unsustainably exercised its discretion, the father must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. Lambert, 147 N.H. at 296.

Under the circumstances of this case, we conclude that, even if the trial court properly treated the mother's pleading seeking relocation as a "motion," there was good cause, as a matter of law, to grant the father leave to file his objection after the deadline to object to the "motion" had passed. It was the mother's obligation under RSA 461-A:12 to obtain a court order prior to relocating the child, and not the father's obligation to request a hearing as soon as he had learned of the mother's intent to move. The mother's counsel specifically entitled her pleading, "**PETITION TO MODIFY PARENTING PLAN – RELOCATION**," and referred to it in her cover letter as her "Petition . . . for Relocation." Other than certifying that counsel had mailed "this Motion" to the father, the pleading appeared, on its face, to be precisely what the mother's counsel had called it – a petition to modify a final parenting plan so as to allow the child's relocation to Virginia. Moreover, regardless of whether, in light of the child support dispute, the mother could have filed the pleading as a "motion," the fact that she was seeking by it to amend a parenting plan that had been final for more than three years underscores the reasonableness of construing it in accordance with how the mother's counsel had designated it.

---

[1] We note that, although the father filed this discretionary appeal following the denial of his successive motion for reconsideration, he filed it within thirty days of the notice of decision denying his initial timely-filed motions for reconsideration and for late entry of his objection, and the trial court ruled on the merits of the successive motion for reconsideration prior to the filing of this appeal. See Sup. Ct. R. 7(1)(B)&(C) (providing that a discretionary appeal must be filed within thirty days of the notice of the decision on the merits, and that, although a successive post-decision motion will not stay the appeal period, a timely-filed post-decision motion will stay the appeal period). Accordingly, the trial court's orders granting the petition for relocation, denying the father's two motions for reconsideration, and denying his motion for late entry of his objection are each properly before us in this appeal.

Contrary to the mother's suggestion, the fact that her counsel purported to instruct the trial court in her cover letter that no filing fee was due because of the child support dispute did not put the father on reasonable notice that he should treat the "petition" as a "motion." The father could just as reasonably have anticipated from this statement that the pleading might be rejected for lack of a filing fee, see Fam. Div. R. 2.3(F), or that the trial court might find good cause to waive the filing fee, see Fam. Div. R. 1.2. Moreover, although the mother is correct that self-represented parties are bound by the same rules that govern parties represented by counsel, see In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006), parties represented by counsel are generally bound by their attorneys' actions, see Paras v. Portsmouth, 115 N.H. 63, 67 (1975). Here, it was the mother's attorney who designated the pleading as a "petition," a designation with legal significance under the Family Division Rules. Regardless of whether, as the mother contends, the father understood the relief she was seeking, the form of the pleading dictated how the father was to respond. Because the mother designated the pleading as a "petition," it was reasonable for the father to understand that he was to respond in the manner prescribed by Family Division Rules 2.4 and 2.5, that is, to file an appearance and any responsive pleading after being formally served with the petition.[2]

It is clear from the father's motions for reconsideration and for late entry of his objection, including his affidavit, that he understood the pleading to be a petition governed by Family Division Rules 2.4 and 2.5. As noted above, in light of the express designation of the pleading as a petition, the father's understanding was reasonable. It is equally clear from his objection, which the trial court rejected on timeliness grounds, and from the mother's response to it that the parties disputed, for purposes of RSA 461-A:12, whether relocation was reasonable and for a legitimate purpose, and whether it was in the child's best interest. The father promptly and timely moved for reconsideration and for late entry of his objection upon the trial court's issuance of its order treating the mother's pleading as a motion and granting it on the basis that the father had not objected within ten days. Under these circumstances, there was good cause to allow late entry of the objection and to permit the father to dispute the merits of the relocation request, and we conclude that the trial court's decision to the contrary was an unsustainable exercise of discretion. See D.O., 173 N.H. at ___ (slip op. at 11). Accordingly, we vacate the trial

---

[2] To the extent the mother is arguing that, because she hand-delivered the pleading to the father on August 13, 2019, he had fifteen days from August 13 to file his objection under Family Division Rule 2.5(A), we note that the fifteen-day deadline under this rule applies only to the filing of an appearance after service of the petition, the Notice to Respondent, and the appearance form. The filing of a responsive pleading is governed by the timeframe set forth in the Notice to Respondent. See Fam. Div. R. 2.5(B). Nothing in the record establishes that the trial court prepared a Notice to Respondent, or that the father was served in accordance with Family Division Rule 2.4(B).

court's order granting the mother's request to relocate the child, and remand for the trial court to hold a hearing under RSA 461-A:12, IV.[3]

Vacated and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[3] To the extent that the mother is arguing that, in fact, the trial court held a post-appeal hearing at which it allegedly "reaffirmed its decision to allow [the mother] to relocate," we note that the purpose of that hearing, according to the trial court's post-hearing order, was merely "to address the modification of the parties' Parenting Plan" as a result of the relocation that the trial court had already allowed, see RSA 461-A:12, IX, a matter that the trial court deemed "collateral to the issue on appeal . . . and . . . within [its] authority [to decide] while the appeal is pending." Nothing in the record suggests that the trial court allowed the father to litigate the merits of whether the mother should be allowed to relocate the child. Indeed, the trial court specifically noted in its order that the modified parenting plan it was issuing would be temporary in light of this appeal, and that, if this court were to reverse its order granting the request to relocate the child, it would "not be bound by the Temporary Parenting Plan issued herewith when making any final decision on the issue of relocation."