UNITED STATES of America for the use
and benefit of FRANKLIN PAINT
COMPANY, Inc.

v.

Sidney J. KAGAN et al.

Civ. A. No. 54–151.

United States District Court,
D. Massachusetts.

March 16, 1955.

Ralph C. Harper, Blake & Harper,
Boston, Mass., for plaintiff.

Joseph C. Duggan, Edward T. Duggan,
New Bedford, Mass., for defendant.

ALDRICH, District Judge.

At the pre-trial of this case, brought
under the Miller Act, the parties stipu-
lated all of the issues except one, namely
whether the plaintiff had complied with
the provisions of 40 U.S.C.A. § 270b(a)
requiring it to give written notice to
the defendant within 90 days from the
time it furnished the supplies in ques-
tion. On this subject I am given the
original correspondence.

On July 17, 1952, within the 90 days,
the plaintiff wrote the defendant re-
garding its unpaid bill and asked for as-
sistance. The defendant replied, sug-
gesting that the plaintiff contact the

bonding company, who might help it. It concluded this letter as follows:

"Our contract with Nager & Sons calls for a retainer to be paid 60 days after completion of their work which is expected in a month. If you will notify this office in about 90 days as to the result of your appeal, we will greatly appreciate it."

The plaintiff did, in fact, reply to this letter on the 90th day, giving the information requested. It wrote several times thereafter, the defendant making no reply.

■■■ In spite of Fleisher Engineering & Const. Co. v. United States, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12, and the admitted receipt of the plaintiff's letter of July 17th, the defendant insists on the point that this letter was not sent by registered mail. There is nothing in this objection. Neither is there in the defendant's contention that the letter did not set forth the amount "with substantial accuracy." In my opinion a 2% understatement is not one of substance.

■■■ The more difficult question is whether the plaintiff's letter constituted "a written notice [of] * * * claim." In its brief the defendant, in speaking of the statute, constantly uses the word "demand." The statute requires only notice. If all this means is notice of the fact the plaintiff's bill is due and unpaid, its letter satisfied that requirement. Coffee v. United States, 5 Cir., 157 F.2d 968. If it means something further, we come to the question of the conduct of the parties. It has been held that where a notice is somewhat defective there may be a burden on the recipient to protest. Heath v. Franklin Ins. Co., 1 Cush. 257; Taber v. China Mut. Ins. Co., 131 Mass. 239. This principle should not be overworked. However, rather than merely not protesting, the defendant made an affirmative suggestion that the plaintiff proceed in another fashion, and requested that if this were not successful it give a further

notice in 90 days. The plaintiff in fact gave such notice. If the July 17th letter was not adequate notice, this was either a conditional waiver, or a modification of the notice obligation. Cf. Eastern R. Co. v. Relief Fire Ins. Co., 105 Mass. 570.

I find for the plaintiff in the amount of its complaint, with interest from March 1, 1954, the date of the commencement of the action.