BLANCHE SEVIGNY *vs.* ROBERTA DOWD.

Bristol.    October 4, 1961. — November 13, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Limitations, Statute of.   Notice.   Mail.*

An action of tort for personal injuries arising out of the operation of a
motor vehicle, which was begun more than one year but less than two
years after the accident, was not barred by the limitation of one year
for commencing an action prescribed by G. L. c. 260, § 4, as amended
through St. 1955, c. 235, § 1, but was governed by the substance of the
provision therein allowing an action to be commenced within two years
next after the accrual of the cause of action where it appeared that
four days after the accident the insurer of the defendant received by
regular mail written notice of the plaintiff's claim and twelve days after
the accident obtained from her a complete signed report about it, and
that the declaration in the action averred the giving of the notice; the
fact that the notice was not sent "by registered mail" as directed in § 4
was immaterial in the circumstances.

TORT.   Writ in the Superior Court dated September 9,
1958.

The action was tried before *R. Sullivan*, J.

The case was submitted on briefs.

*William A. Torphy*, for the plaintiff.

*Charles R. Desmarais & William H. Carey*, for the de-
fendant.

WILKINS, C.J.   To this motor tort action, in which a ver-
dict was directed for the defendant on the plaintiff's open-
ing, the defence is the statute of limitations.   The writ is
dated September 9, 1958.   The plaintiff was hurt on August
22, 1957, by the defendant's allegedly negligent operation
of a car in Fall River.   Under date of August 23, 1957, the
plaintiff's husband, Amedee Sevigny, by regular mail but
not by registered mail, sent to the defendant's insurer in
Boston a letter, the body of which reads as follows: "Re:
Auto Accident, 8/22/57.   Amedee Sevigny, 108 Cherry
Street, Fall River, versus Roberta Dowd, 813 Meridian

Street, Fall River, Massachusetts. Registration 368034. As a result of the above accident, enclosed please find estimate of repairs from Clint's Auto Body for $58.55. My wife, Blanche J. Sevigny, sustained injuries as a result of this accident. Will you kindly take care of the adjustment of this loss and oblige?" The letter was received by the insurer on August 26, 1957. The sending of the notice is alleged in the declaration. On September 3, 1957, a representative of the insurer called at the home of the plaintiff, who gave him a complete signed report of the accident.

When the action was brought, a statute, since amended, provided ". . . actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety . . . shall be commenced only within one year next after the cause of action accrues; provided, however, that actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety, may be commenced within two years next after the cause of action accrues in cases where the person against whom the action is to be brought, or the insurer, has been notified in writing, by registered mail, of the claim within one year next after the cause of action accrues and an averment to that effect is set forth in the declaration." G. L. c. 260, § 4, as amended through St. 1955, c. 235, § 1.[1]

The statute allowed two years for bringing suit where the defendant or his insurer should receive written notice within one year of the accrual of the cause of action. The main purpose of the notice provision was to afford opportunity for investigation before the expiration of one year. The notice was to be written and not oral in order to eliminate subordinate issues as to proving contents of the notice. The prescribing of registered mail, with its return receipt feature, was to facilitate proof, and in effect placed the risk of transmission by regular mail upon the sender. Proof merely of posting would not be enough. In short, the requirement of registered mail was wholly incidental to the main purpose.

---

[1] The requirement of notice was not retained in a later amendment. See St. 1960, c. 271, which extended the time for bringing suit to two years.

That main purpose was achieved in full. The notice was received four days after the accident. Twelve days after the accident the insurer obtained the signed statement from the plaintiff. Cases of complete failure to give a statutory notice, or neglect to give one within a prescribed time, or oral instead of written notice, stand on a different footing. These constitute a difference between substance and form. Seasonable receipt of a notice adequate in content, but sent by regular rather than by registered mail as required by the Miller Act, 40 U. S. C. (1958) § 270b (relating to notice by materialmen to recover from contractors on Federal projects) has been held to be compliance. *Fleisher Engr. & Constr. Co.* v. *United States,* 311 U. S. 15. *United States* v. *Kagan,* 129 F. Supp. 331 (D. C. Mass.).

*Exceptions sustained.*