PER CURIAM.
On June 15, 1965, the appellee Olive Wofford entered into a written lease by which she leased to Miami Gray Line Boats, Inc., a dockage area on Lake Pan-coast, in Miami Beach. The lease was for a term of five years beginning July 1, 1965, at a stipulated rental of $1,125 per month. It contained a provision for renewal, to be exercised by the lessee by written notice by registered mail given not later than one year prior to the end of the term. The rental during the renewal term of five years was to be $1,500 per month. The lessee made a security deposit of $13,500, provided for in the lease to be *684 used “toward payment of any charges for unpaid rentals, damages, taxes or other sums due the lessor hereunder because of the default of the lessee or otherwise.”
Thereafter, during the term of the lease, the lessee assigned the same to the appellant Miami Beach Vacations, Inc., and notice thereof was given to the lessor. On May 14, 1969, approximately a year and six weeks prior to the end of the term, the then holder of the lease, Miami Vacations, Inc., gave the lessor written notice of its election to renew the lease, by a letter which was not registered. The stockholders of the lessee corporation sold the same to other persons. The latter, unaware that the lessee corporation had exercised its election to renew the lease, sought return of the security deposit at the end of the original term of the lease. When return thereof was refused, this action was filed by said lessee corporation for recovery of the $13,500 security deposit.
By her answer the lessor denied obligation to return the security deposit, on the ground that the lease had been renewed, and the lessor counterclaimed for unpaid rent for the months of May and June of 1970, in the original term, and for subsequent months at $1,500 per month, under the extended term.
In the trial court the lessee contended the lease had not been renewed, because its letter of renewal was not registered as called for in the lease, and because a condition of renewal that the lease not be in default was not complied with, due to failure of the lessee to pay the rental for the last two months of the term. The lessor took the position that the lease was renewed, and was effective for the extended five year period.
After first denying a motion of the defendant for summary judgment, the court on her renewed motion granted a partial summary judgment in favor of the defendant, holding the lease had been extended by renewal and that the lessee was liable thereunder, reserving jurisdiction to determine damages.
The judgment entered thereafter on final hearing denied the claim of the lessee for return of the security deposit, and, on the counterclaim, granted judgment for the lessor against the lessee for $19,500, representing the amount of rent which was in default to that date, plus interest and costs.
On this appeal therefrom by the lessee it is contended the court erred by granting the partial summary judgment; that the lease was not renewed and therefore the lessee was not obligated to pay rental for the renewal term; and that the provision in the lease for the security deposit should be construed to be a provision for liquidated damages.
On consideration thereof we hold no reversible error has been shown. The denial by the trial court of the defendant’s motion for summary judgment was no legal or procedural impediment to the consideration by the court of the lessor’s subsequent renewal of application for summary judgment, on the question of the effectiveness of the renewal. The court did not commit error by holding the lease had been renewed and that the lessee was obligated thereunder. The lessor accepted the timely letter of renewal, without objection thereto because not registered. It was her privilege to waive or overlook the requirement that such notice should be by registered mail, and to refrain from renouncing the renewal upon the nonpayment of rent for the last two months of the term. On the other hand, the lessee was not in a position to deny the effect of its affirmative act of notification to the lessor of its election to renew the lease, by pointing to its failure to register the letter by which such notice was given to the lessor. The renewal being effective, the liability of the lessee to pay rent followed.
We must reject the contention of, the appellant that the provision of the lease for the security deposit was a provi *685 sion for liquidated damages. It did not so provide, and the wording of the provision shows the deposit was for security to be applied to amounts which should become owing to the lessor upon default in payment of rent or other items called for by the lease. We hold, however, that the security deposit should be used for the purpose for which it was supplied. That requires application of the security deposit to the $19,500 which was the amount of the rental that the court found and adjudged was in default.
Accordingly, the judgment is hereby modified and amended to provide that the security deposit of $13,500 shall be applied to the amount of rental found to be in default, thereby reducing the judgment to $6,000 in principal amount.
The judgment as so amended and modified is affirmed.