507 P.2d 373

**D. & L. ENTERPRISES, INC., a corporation, Plaintiff and Respondent,**

v.

**Florence L. DAVENPORT (formerly Florence L. Moller), Defendant and Appellant.**

No. 12953.

Supreme Court of Utah.

March 1, 1973.

Pete N. Vlahos, of Vlahos & Gale, Ogden, for defendant-appellant.

Paul Thatcher, Ogden, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a summary judgment evicting defendant, lessee, from a restaurant she operated. Remanded for trial, with costs to defendant.

The lease involved here was for five years, with option to renew for two more five-year periods. The lessor leased to De Kazos and Housley, using throughout the term "Lessee." The lessor assigned his interest in the lease to the plaintiff corporation. Housley allegedly assigned his interest to De Kazos, and the latter allegedly sold the leasehold interest to defendant and her husband, who died a few months after that transaction. The lessor made no point of the fact that both lessees did not sign the transfer, but okayed it. About three years remained under the terms of the lease before it was necessary to exercise the option to renew. The defendant concededly paid all the amounts required under the lease promptly and on time. The plaintiff's officers knew of the death of defendant's husband, but allowed defendant to operate the cafe, do some remodeling and religiously pay the rent for nearly three years, when, about 35 days before the end of the term, the plaintiff served notice on defendant to vacate,—under a 30-day clause for termination for breach of the terms of the lease, on the grounds defendant failed to keep the property in good repair, or clean, or healthy, or almost everything else,—all factual matters—*but not because of failure to pay the amounts due under the terms of the lease*. One hardly can read the record in this case without feeling that the plaintiff, assignee of the lessor, appreciated the appreciation of property values, viewed in the light of a ten-year optional contract at $250 per month. It doesn't take any unusual imagination to suggest a motive for termination of the lease considering that plaintiff, in its complaint, demanded treble damages at the rate of a present rental value of $300 per month, whereas the lease, five years before, set such value at $250 per month.

The defendant says 1) her husband's death did not terminate the lease,—with which contention we agree; that 2) plaintiff is estopped from alleging a breach,—which we think is a factual matter, and with which reasonably a jury could agree, after a full hearing, since plaintiff accepted the rent almost as religiously as the defendant paid it,—without complaint or notice of default for about three years; that 3) defendant gave proper notice of renewal,—with which we agree, because it *was* hand-delivered *next door to* the place designated for such notice, and plaintiff's urgence that it should have been *mailed* under the terms of the lease, recommends itself to a possible absurd result and another factual matter as to actual and/or reasonable notice, which should be put to an arbiter thereof; that 4) defendant did not functionally alter the property in violation of the lease,—with which we agree, since the discovery process failed to support plaintiff's contention in this re-

spect; and 5) that the trial court's summary judgment was in error,—with which contention we agree,—particularly in view of the fact that the pretrial order itself specified 16 factual areas denominated "Contested Issues of Fact."

There has been no trial in this case. We think there should be, and so conclude.

■ Plaintiff says that as a matter of law the defendant should be deprived of her rights, whatever they might be, based on the terms of the lease as reflected in the discovery process under the rules. This record reflects contradiction in it that we consider presents issues of fact. In this case there appears to be a genuine issue of fact as to whether the defendant broke the lease, whether plaintiff demonstrated such fact or facts under the discovery process, whether plaintiff waived the provision for exercising the option to renew because of the death of defendant's husband and plaintiff's silence for nearly three years before asserting a right to terminate, until 35 days before the lease period; also why plaintiff so strenuously urges that defendant's husband's last will and testament bequeathed everything to defendant, thus making it impossible for the two of them to exercise the option to renew,—

when the record in this case shows that the will was not known by plaintiff to be in existence until after the notice of termination was served, or even until after this suit was filed, which fact was not and could not have been recited in the notice as a reason for termination of the lease, and therefore was an unrealistic reason for using such circumstance to justify a cancellation of the lease,—and claim treble damages for an unlawful detainer.

We think this case must be tried before a court or a jury, on its merits, and not by way of summary judgment.

Up until now, with this record and transcript before us, we are constrained to suggest, but not hold, that the lessee in this case may have complied with one of the most important parts of a lease,—payment of the rental,—and that the lessor (assignee) has not shown, on summary judgment, without a trial and full disclosure, how it has been damaged to date, and why it could not look for an agreed monthly rental of $250 for ten years.

The case is remanded for trial.

CALLISTER, C. J., and ELLETT, CROCKETT, and TUCKETT, JJ., concur.