GERSON REALTY INC. *vs.* JOHN L. CASALY.    September 30, 1974. The defendant landlord appeals from a final decree of the Superior Court which determined, on a petition for declaratory relief brought by the plaintiff tenant, that the tenant had validly exercised its option to renew a certain lease.   The only issue here is the effectiveness of timely notice of renewal sent by certified mail, return receipt requested, where the lease provided that "such notice . . . shall be given or served and shall not be deemed to have been duly given or served unless in writing and forwarded by registered mail."   The function of a requirement that notice be transmitted by registered mail is to provide a means of resolving disputes as to the fact of delivery of the notice.   No such dispute exists here, where the fact and timeliness of delivery are admitted and the defendant landlord first raised the issue of the adequacy of notice by certified rather than registered mail more than two years after notice was received.   See *Sevigny* v. *Dowd,* 343 Mass. 160, 161-162 (1961).   In such a situation the provisions of the clause of the lease requiring notice by registered mail are satisfied by notice sent by certified mail, return receipt requested.   Courts in other jurisdictions have held that a clause in a lease requiring notice by registered mail is satisfied by certified mail (*243 So. Harrison St. Corp.* v. *Ogust,* 113 N. J. Super. 74 [1971]), or even by ordinary mail (*East Eighty-Second St. Corp.* v. *Rogers,* 192 App. Div. [N. Y.] 633, 638-639 [1920]).   See also *Joseph Steier, Inc.* v. *New York,* 65 Misc. 2d (N. Y.) 296, 297 (1970); *D. & L. Enterprises, Inc.* v. *Davenport,* 29 Utah 2d 201, 202 (1973); *Miami Beach Vacations, Inc.* v. *Wofford,* 262 So. 2d 683 (Fla. 1972). Statutory requirements of notice by registered mail perform a similar function of providing a method of resolving disputes regarding delivery of notice, and such requirements are satisfied in Massachusetts by certified (G. L. c. 4, § 7, Forty-fourth), or even by ordinary mail (*Sevigny* v. *Dowd, supra*).   See also *Fleisher Engr. & Constr. Co.* v. *United States,* 311 U. S. 15, 19 (1940); *United States* v. *Kagan,* 129 F. Supp. 331, 332 (D. Mass. 1955).   In the present circumstances the differences between registered and certified mail (see 39 C. F. R., Parts 161, 168) are of no consequence (*Durkin* v. *Siegel,* 340 Mass. 445, 448, fn. 4 [1960]) and did not prevent effective renewal of the lease by the plaintiff tenant.

*Decree affirmed.*

*Gary F. Casaly* for the defendant.
*Frank J. Santangelo* for the plaintiff.