Board of Taxation
No. 6948

TOWN OF NEWPORT

v.

STATE OF NEW HAMPSHIRE

September 30, 1975

*Nolin, Spanos & Spanos* and *Gerald J. Carney (Mr. Carney* orally) for the town of Newport.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the State.

GRIFFITH, J. This is an appeal by the town of Newport under RSA 76:16-a V (Supp. 1973) from the denial by the board of taxation of the town's petition for rehearing of the Arlington Sample Book Company's application for abatement of real estate taxes.

The only claim of the town in its appeal is that it did not receive legal notice of the initial hearing on the taxpayer's application. Notices of this hearing were sent by ordinary first class mail to the taxpayer, the town clerk and the chairman of the board of selectmen. Both RSA 71-B:10 (Supp. 1973) and RSA 76:16-a II (Supp. 1973) were effective September 1, 1973, and relate to notices of hearings before the board of taxation. The two sections are somewhat inconsistent since RSA 71-B:10 (Supp. 1973) provides for notice of a hearing before the board, if mailed, shall be by registered mail, return receipt requested, while RSA 76:16-a II (Supp. 1973) merely requires notice of a hearing be in writing.

The board of taxation in denying the motion for rehearing held that since the notice was admittedly received by the town, the notice was adequate, and the fact that the notices were delivered by ordinary mail was of no importance. The town maintains that the use of ordinary mail was significant in that it was the cause of the failure of the notices to actually reach the named addressees. Although concededly delivered by the postal system, the notices were mislaid by the town clerical staff. The town contends that existing office procedures at the time the notices were received called for special handling of registered or certified mail and had these notices been sent by either of these methods, they would not have gone astray.

Even were we to adopt the more demanding delivery requirements of RSA 71-B:10 (Supp. 1973), the board's denial of the petition for rehearing must be sustained. The function of a requirement that notice be delivered by registered or certified mail is to assure delivery and to provide a means of resolving disputes between the parties as to whether the notice is duly received. In the face of actual receipt of notice, the mode of transmission becomes unimportant since the purpose of the statute is satisfied. *Fleisher Eng'r & Constr. Co. v. United States,* 311 U.S. 15, 19 (1940); *United States v. Kagan,* 129 F. Supp. 331, 332 (D. Mass. 1955); *Howell &. Graves, Inc. v. Curry,* 242 Ala. 122, 126, 5 So. 2d 105, 109 (1941); *Sevigny v. Dowd,* 343 Mass. 160, 161-62, 178 N.E.2d 23, 24 (1961); *Stroh v. State Accident Ins. Fund,* 261 Ore. 117, 120, 492 P.2d 472, 474 (1972). This is in accord with our decisions to the effect that actual receipt of notice will cure technical defects in the manner of delivery. *Dupuis v. Smith Properties, Inc.,* 114 N.H. 625, 630, 325 A.2d 781,

783 (1974); *Jewett v. Jewett,* 112 N.H. 341, 342, 296 A.2d 11, 12 (1972).

The argument of the town that delivery by registered mail would have prevented mishandling of the notices by the office staff is without merit since the purpose of the registered mail requirement is to safeguard notice in transit not after delivery. Receipt of the notices by the town office constituted actual delivery as a notice by mail is considered to have reached a recipient when it is delivered where he normally receives mail. 1 M. Merrill, Notice §§ 608, 627, 633 (1952); *Jones v. United States,* 226 F.2d 24, 27-28 (9th Cir. 1955); *Department of Social Welfare v. Gandy,* 56 Cal. App. 2d 209, 212, 132 P.2d 241, 244 (1942).

*Appeal dismissed.*

DUNCAN, J. did not sit; the others concurred.