MASON, Associate Judge.
Wells seeks review of a final judgment denying his claim for damages predicated upon Dungey’s breach of a lease agreement. We reverse.
Wells leased commercial property to Dun-gey by a lease agreement executed July 10, 1975. The lease was for a term of five years beginning August 15, 1975, with rent payments in the amount of $1,000 per month due and payable on the 15th of each month. The lease also provided that an additional $1,000 was to be paid “as security deposit” which also could “be used as partial down payment if lessee buys property or if not last month’s rent.” Around September of 1976, Dungey abandoned the property. Wells received payment from Dungey pursuant to the lease for the period up to September 15, 1976. Although Wells retook possession of the property after Dungey’s abandonment, he was unable to negotiate a new lease on the property until September 1, 1977. Wells brought suit against Dungey seeking damages incurred as a result of Dungey’s breach of the lease agreement. The trial court found that the $1,000 security deposit set forth in the lease agreement was intended as liquidated damages to be retained by the lessor, Wells, in the event of abandonment of the lease by the lessee, Dungey. Since Wells had retained the $1,000 as liquidated damages, the court found that Wells was entitled to no further relief.
We find that the trial court erred in his determination that the $1,000 security deposit was intended to be liquidated damages to be retained by the lessor in the event of abandonment of the lease by the lessee. Cf. Miami Beach Vacations, Inc. v. Wofford, 262 So.2d 683 (Fla.3d DCA 1972). The lease provided for what purposes the security deposit was to be used and the evidence does not reveal that it was intended to be utilized as liquidated damages. The security deposit retained by Wells may, of course, be used to offset the damages he incurred from Dungey’s abandonment of the lease until Wells was able to relet the property. The final judgment is reversed and the cause is remanded to the trial court to enter a judgment in favor of Wells for damages as determined by the court.
MILLS, Acting C. J., and ERVIN, J., concur.