**UNITED STATES TRUST COMPANY,**
Plaintiff
vs.
**Mitchell BENJOYA and Jill BENJOYA,**
Defendants

**No. 43388**

Superior Court
Commonwealth of Massachusetts

**December 8, 1981**

**Phillip Grefe,** counsel for plaintiff.
**J. Owen Todd,** counsel for defendant.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT JILL BENJOYA

The plaintiff, United States Trust Company (bank) initiated suit against the defendant, Jill Benjoya, as the unconditional guarantor of the present and future obligations of Mitchell Benjoya, her husband, to the bank. On April 27, 1981 the Court entered judgment against Mitchell Benjoya on his liability to the bank on a consolidated demand note. Asserting that no genuine issue exists as to any material fact, United States Trust Company brings this motion for summary judgment against the defendant, Jill Benjoya. See, Mass. R. Civ. P. 56(c).

The party opposing summary judgment must not rely solely upon general denials but "must set forth specific facts showing that there is a genuine issue for trial." **Community Nat'l Bank v. Dawes,** 369 Mass. 550, 554 (1976). See, Mass. R. Civ. P. 56(e). The defendant, Jill Benjoya, specifically denies any memory of her having signed the guarantee in question. Moreover, she asserts that she repeatedly and consistently refused to sign any such guarantee of all of the debts and obliga-

tions of her husband. Finally, Jill Benjoya argues that she never knowingly signed such a guarantee. Her affidavit therefore raises genuine issues as to the genuineness and validity of the signature on the guarantee. Accordingly, the Court denied the bank's motion for summary judgment.

Because the Court may enter summary judgment against the moving party when appropriate, Mass. R. Civ. P. 56(c), it must address issues which Mrs. Benjoya has raised in her brief and supporting affidavits. She first argues that she is not liable on the guaranty in question because she did not receive notice from United States Trust Company of the consolidation of Mitchell Benjoya's preexisting obligations into a demand note. She claims that an amendment to The Massachusetts Truth-in-Lending Act, G.L.c. 140C § 10A, requires such notice. The amendment states that a guarantor of the obligations of another will not be liable for any additional obligations unless the guarantor receives advance notice of such additional obligations. **Id.** The Court assumes without deciding that the consolidation of Mitchell Benjoya's pre-existing obligations into a demand note constitutes an additional obligation and that failure to give notice of the consolidation would relieve the defendant of liability on the underlying obligations which merged into the consolidation. Nevertheless, the Court must deny summary judgment on the basis of this argument though the bank does not contest the failure to give notice because the plaintiff waived any right to notice of "action taken by Bank...under this Guaranty."

Although recognizing that two recent Massachusetts appellate decisions, one decided only ten months prior to the enactment of the amendment in question, indicate that form guaranty contracts which waive notice of any increase in the underlying obligations are valid, **Merrimack Valley Nat'l Bank v. Baird,** 372 Mass. 721, 722, 725 (1977); **Community Nat'l Bank v. Loumos,** 6 Mass.

App. Ct. 830, 831 (1978); Mrs. Benjoya submits that guarantors cannot waive the right to notice under the amendment. She argues that the previously-cited decisions gave notice to the Legislature that form waivers of the right to notice were commonplace. Consequently, she claims the Legislature, to fulfill its desire that the Act immediately "limit the liability of guarantors", 1979 House Doc. No. 6762, must have intended that guarantors be unable to waive the right to notice. This argument defeats itself, however. "(C)onsiderations of **stare decisis** weigh heavily in the area of statutory construction." **Illinois Brick Co. v. Illinois,** 431 U.S. 720, 736 (1977). The Legislature is presumed to be aware of earlier judicial construction of a statute. **Rival's Case,** Mass. App. Ct. Adv. Sh. (1979) 1429, 1452. See, **Datatrol, Inc. v. State Purchasing Agent,** Mass. Adv. Sh. (1980) 299, 314. Thus, since the Legislature knew that form guarantee contracts waiving notice were not only common-place but upheld by the judiciary, the more logical approach by a Legislature intending to preclude waiver would have been to make an explicit statement to that effect in the amendment or its legislative history. In the absence of such a statement or a comparable indication, the Court, in light of the case law upholding form waivers, refuses to interpret the statute as prohibiting such waivers.

Mrs. Benjoya argues that another section of the Act in question, which substantially restricts a consumer's right to waive his right to rescind any credit transaction involving a security interest in residential real property, G.L.c. 140C, §8 (e), provides the necessary indication of legislative intent. The Court disagrees. The partial restriction of a right of waiver in relation to a right to rescind a credit transaction providing for a security interest in a consumer's principal residence is not sufficiently analogous to a total prohibition of the right of all guarantors under all circumstances to waive notice of any additional obligations for which the guarantor may be liable. According-

ly, the Court refuses to interpret the amendment as prohibiting guarantors from waiving their right to notice of additional obligations.

Finally, Mrs. Benjoya alleges that she is not liable for Mitchell Benjoya's consolidation note obligations because she, through her husband, Mitchell Benjoya, who acted as her agent, informed United States Trust Company, once by oral communication and subsequently twice by letter, that she was not a guarantor of Mitchell Benjoya's obligations. Mrs. Benjoya claims that this declaration to the United States Trust Company constitutes notice, under the terms of the guaranty, of termination of any future obligations under the guaranty. She fails, however, to meet the guaranty's requirement that effctive notice of termination of future obligations must be "sent by registered or certified mail, return receipt requested and actually received by Lender, or if delivered in hand to an officer of Lender, receipted for in writing." The defendant fails to show by affidavit that she or her husband, acting as her agent, complied with these strict notice of termination requirements.

A party contractually or statutorily required to comply with strict requirements of notice, such as registered mail, must comply with such requirements absent proof of actual delivery of notice. See, **Seveigny v. Dowd,** 343 Mass. 160, 161-162 (1961); **Gerson Realty Inc. v. Casaly,** 2 Mass. App. Ct. 875, 875 (1974). "The function of a requirement that notice be transmitted by registered mail is to provide a means of resolving disputes as to the fact of delivery of notice." **Id.** Certified mail or even ordinary mail serves this function when the fact of delivery is admitted. **Id.;** see **Seveigny v. Dowd, supra,** at 161-162.

In the case at hand, the bank has admitted receipt of the May 13, 1980 letter to Daniel B. Ciotti, Executive Vice President of United States Trust Company, disclaiming that Jill Benjoya guaranteed the debts of her husband. This letter dated May 13, 1980, however, does not

constitute notice of termination sufficient to relieve Mrs. Benjoya of liability on the consolidation because, under the guarantee, notice of termination does not relieve the guarantor of liability for obligations existing ten days prior to the notice of termination. Mitchell Benjoya executed the consolidation note April 3, 1980 well in advance of the letter in question. Consequently, this letter does not relieve the guarantor of liability for the consolidation note because it existed more than ten days prior this letter.

With regard to the other letter and the oral communication, both allegedly received in a timely fashion by Bob Brown, a loan officer of United States Trust Company, the bank does not admit that these notices took place. Daniel Ciotti does admit that he received Mitchell Benjoya's May 13, 1980 letter which stated that the letter to Bob Brown the previous December was enclosed. Assuming without deciding that these facts demonstrate an admission of receipt by Daniel Ciotti, the Brown letter would not constitute the necessary notice because, once again, Daniel Ciotti did not receive the Brown letter until May 13, 1980. Consequently, the Court denies summary judgment on the issue of notice of termination of liability on future obligations of Mitchell Benjoya.

**ORDER**

For the reasons stated above, the Court denies the motion for summary judgment.

By the Court,
**William G. Young**
**Justice of the Superior Court**