W. Edward WOOD, Director of the Department of Environmental Management

v.

B. Albert FORD et al.

No. 85–582–M.P.

Supreme Court of Rhode Island.

May 20, 1987.

Chalres McKinley, Providence, for Wood.

Laurent L. Rousseau, Moore, Virgadamo & Lynch Ltd., Maria Teresa Paiva, Newport, for Ford et al.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari brought pursuant to G.L. 1956 (1984 Reenactment) § 42–35–16 to review a decision by a justice of the Superior Court under the Administrative Procedures Act wherein he found that the Personnel Appeal Board (the board) had no jurisdiction to determine the appeal of Lawrence DeSouza because his purported appeal was not timely filed. We affirm. The facts of the case insofar as pertinent to this petition for certiorari are as follows.

The petitioner, Lawrence DeSouza, had been employed by the Department of Environmental Management (DEM) for approximately fifteen years. He was notified on October 11, 1978, that his employment with DEM was terminated as of October 13, 1978. The letter of dismissal, signed by the director of the department, W. Edward Wood, stated that DeSouza's employment termination was for "providing and being remunerated, for professional services to applicants for individual sewage disposal permits" while serving as a classified employee in the Division of Water Pollution Control. DeSouza had previously been warned by his superiors against accepting professional retainers from applicants in respect to whose proposed sewage-disposal systems he was employed by DEM to check and verify data and upon which he was expected to make recommendations for approval or disapproval.

The trial justice found that DeSouza through his attorney filed an appeal of the dismissal decision with the board on October 26, 1978. This appeal did not meet the time requirements of G.L. 1956 (1969 Reenactment) § 36–4–42, as amended by P.L. 1977 ch. 64, § 1, which required that such an appeal should be taken within ten days of the date of the mailing of the notice of action by the appointing authority. In effect, the trial justice determined that the

appeal was not filed until fifteen days after the notification of termination and was therefore untimely. He went on to determine that the statutory period for claiming an appeal was jurisdictional and that, as a result, the board could not consider the appeal on its merits.[1]

The board had earlier declined to dismiss the appeal before it on the ground of late filing entirely on the basis of information that was contained in a letter written by an attorney who at that time was acting for DeSouza. This attorney stated that DeSouza had hand-delivered an earlier notice of appeal on October 20, 1978, to a female employee on the third floor of a state-occupied building at 289 Promenade Street.

The attorney had no personal knowledge of this action by DeSouza and simply made this bald assertion in a letter that was directed to counsel for DEM and dated November 17, 1978.

In addition to this letter, DeSouza signed an appeal form dated October 26, 1978 in which he asserted that he had filed an earlier appeal. This statement, though signed, was not supported by any testimony or other evidence of probative value. In effect the finding by the board that an earlier appeal had been filed was based upon no probative evidence at all but merely on the written argument of counsel that contained a representation of which he had no firsthand knowledge and a hearsay assertion by DeSouza.

■■■■ Section 42–35–10 provides in part as follows:

"(a) Irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in civil cases in the superior courts of this state shall be followed; but, when necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible under those rules may be submitted (except where precluded by statute) if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs."

Although this section may arguably authorize the use of some types of reliable hearsay, statements of counsel made in the course of argument, whether written or oral, do not constitute evidence, regardless of the form in which they are presented. Moreover, a signed statement by DeSouza concerning an issue which could readily be the subject of testimony, subject to cross-examination, is not the type of hearsay to which reference is made in § 42–35–10(a).[2] It is significant that DeSouza did not testify at the hearing before the board either on the merits or during the hearing on the motion to dismiss. An administrative agency may not base a finding or determination on information that is not legally probative. *See Rhode Island Consumers' Council v. Smith*, 111 R.I. 271, 302 A.2d 757 (1973).

■■■■ Consequently, the board's decision declining to dismiss the appeal on the ground that DeSouza hand-delivered an appeal was based upon an unsupported assertion of counsel that was wholly incompetent and without probative value, and an inadmissible hearsay assertion by DeSouza. Therefore, any decision based thereon was clearly erroneous within the terms of § 42–35–15(g)(5). The trial justice was correct in determining that DeSouza had forfeited his right of appeal through lack of timely filing and that the board had no authority to consider his appeal on its merits.

For the reasons stated, the petition for certiorari is hereby denied. The writ here-

---

1. This case has previously been before this court in order to determine whether the director of a department or head of an agency had the right to appeal from a decision by the personnel appeal board. We held in *Rohrer v. Ford,* 425 A.2d 529 (R.I. 1981), that the head of a state agency does have the right of appeal and therefore remanded the case at bar to the Superior Court for reconsideration in light of *Rohrer.*

2. Although we suggest that G.L. 1956 (1984 Reenactment) § 42–35–10(a) may authorize the introduction of certain types of reliable hearsay, we caution that administrative tribunals may make use of hearsay evidence only within a limited context and in circumstances when it is necessary to ascertain facts not reasonably susceptible of proof under the normal rules of evidence. For a general discussion of the use of hearsay evidence in administrative tribunals, see Annot., 36 A.L.R. 3d 12–120 (1971).

tofore issued is quashed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon.