DECISION
Before the Court is an appeal of a decision granting the defendant, the Rhode Island Department of Environmental Management's (DEM) motion to dismiss the plaintiff, Haroutioun G. Jerejian's (appellant) request for hearing before DEM's Administrative Adjudicative Division (AAD), for lack of subject matter jurisdiction. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
The appellant in this matter owns a service station. A Notice of Violation concerning appellant's underground storage tanks was sent to the appellant on March 8, 1993 by certified mail received March 17, 1993 (Final Agency Decision at 1; Record at 10). The hearing officer found that any requests for hearing on that Notice of Violation should have been filed with the AAD by March 29, 1993 in order to meet the ten day deadline set out in G.L. 1956 (1993 Reenactment) § 42-17.1-2(u). (Final Agency Decision at 2). The request for a hearing in this matter was not filed with the AAD until December 15, 1993. (Id.) (Record at 10).
The matter came before the AAD for hearing on January 28, 1994, at which time the hearing officer heard arguments from counsel on a motion to dismiss the appellant's request for hearing for lack of subject matter jurisdiction. (Final Agency Decision at 1; Record at 15). The hearing officer granted this motion, rejecting arguments by the appellant that the ten day deadline in G.L. 1956 (1993 Reenactment) § 42-17.1-2(u) should not foreclose the appellant from a hearing before the AAD because (1) his wife signed the certified mail receipt and not him personally; (2) he was incapacitated during the appeal period and so the running of time during that period should be tolled; and (3) that DEM should be equitably estopped from asserting the argument that the AAD lacked subject matter jurisdiction because counsel for DEM engaged the appellant in a series of negotiations stretching beyond the appeal period in an attempt to resolve the situation without resorting to litigation. (Final Agency Decision at 2-6). The hearing officer ruled that the appellant waived his right to a hearing pursuant to G.L. 1956 (1993 Reenactment) §42-17.6-4(a). Appropriate orders were entered by the hearing officer and by the Director of DEM on April 29, 1994 and May 4, 1994 respectively. The appellant essentially makes these same arguments before this Court on appeal, arguing that the hearing officer's decision violates G.L. 1956 (1993 Reenactment) § 42-35-15(g).
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. On review of the Superior Court's judgment, the Supreme Court determines whether legally competent evidence exists to support the decision of the Superior Court. Rhode Island PublicTelecommunications Authority. et al. v. Rhode Island LaborRelations Board, 650 A.2d 479 (R.I. 1994).
Service of Process
Appellant initially argues that the Notice of Violation in this action is invalid because he did not sign the certified mail receipt, and therefore he did not receive proper notice. The pertinent provision regarding notice is G.L. 1956 (1993 Reenactment) § 42-17.1-2(u)(1) which clearly states that "notice will be deemed properly served upon a person if a copy thereof is served him or her personally, or sent by registered or certified mail to his or her last known address." Here, the hearing officer found that, pursuant to the statute, the certified mail was sent to and was received at the appellant's last known address. (Order at 3). (Final Agency Decision at 3).
The statute does not specifically state who may sign the certified mail receipt. However, this Court is mindful that "notice by [certified] mail is considered to have reached a recipient when it is delivered where he normally receives mail."Town of Newport v. State, 345 A.2d 402, 404, 115 N.H. 506, 508 (1975). Therefore, the appellant received proper notice in this case.
Tolling of the Appeal Period
Appellant's argument that the ten day appeal period should be tolled is similarly without merit. As counsel for DEM points out, the statute which provides for the tolling of causes of action, G.L. 1956 (1985 Reenactment) § 9-1-19, pertains to the time periods allowed for commencement of civil actions. Alternatively, in the instant matter, the person seeking to avail himself of the tolling provision is not a civil plaintiff but rather an administrative respondent subject to the jurisdiction of DEM because his business falls within that agency's regulatory purview. With respect to the instant administrative appeal, G.L. 1956 (1993 Reenactment) § 42-17.1-2(u)(1) clearly sets out a ten day appeal period for such respondents and does not provide for tolling the expiration of this appeal period under any circumstances. DEM regulations similarly do not provide for such tolling.
In addition, the appellant contends that the reason the appeal period should be tolled is that soon after the Notice of Violation was received, the appellant was ill. Specifically, appellant claims that he was recovering from a stroke. (Record at 11). As mentioned above, the DEM regulations do not provide for tolling in any situation, including those in which an appellant is ill. Further, G.L. 1956 (1985 Reenactment) § 9-1-19
pertaining to the tolling of civil causes of action is, as discussed, inapplicable to the instant action, which is administrative. Moreover, the evidence of record merely suggested that the appellant "may well have been in a position of incompetency" during the period following his receipt of the Notice of Violation. (Record at 11). Accordingly, the agency's finding that the appellant waived his right to an administrative hearing pursuant to G.L. 1956 (1993 Reenactment) § 42-176-(4)(a) is not affected by error of law and is supported by substantial evidence of record.
Estoppel
Finally, appellant argues that DEM should be estopped from arguing lack of subject matter jurisdiction due to appellant's failure to appeal this matter before the close of the statutory period because its counsel engaged the appellant in negotiations during that time. The Rhode Island Supreme Court has ruled that the statutory period for claiming an appeal from the decision of an administrative agency to its hearing tribunal is jurisdictional in nature. Wood v. Ford, 525 A.2d 901, 902-903 (R.I. 1987). In Wood, the petitioner had been terminated from his position with the DEM and had failed to seek redress from the Personnel Appeal Board until fifteen (15) days later. Similar to the case at bar, the petitioner had ten days in which to file for relief before the board. The Wood Court stated that because the petitioner's appeal was untimely and the statutory appeal period was jurisdictional in nature, "the board could not consider the appeal on the merits." Id. at 903.
Furthermore, subject matter jurisdiction "can be neither waived nor conferred by consent of the parties." Warwick SchoolCommittee v. Warwick Teachers Union, 613 A.2d 1273, 1276 (R.I. 1992). Thus, any negotiations between the parties and counsel here do not affect the jurisdictional requirements of G.L. 1956 (1993 Reenactment) § 42-17.1-2(u)(1).
Conclusion
After a review of the record, this Court finds that the agency's decision that the AAD did not have subject matter jurisdiction to hear the matter which the appellant brought before it because the appellant failed to file his hearing request within the ten day appeal period is supported by competent evidence. The agency's decision does not violate constitutional or statutory provisions, is not made in excess of its authority or on unlawful procedure, and is not affected by other error or law. Finally, the agency's decision is not arbitrary or capricious or characterized by abuse of discretion. Therefore, those administrative findings in no way prejudice the rights of the appellant. Accordingly, the Final Agency Order of May 4, 1994 is affirmed.
If and when DEM seeks to enforce its order pursuant to G.L. 1956 (1993 Reenactment) § 42-17.1-2(u)(5), the appellant may present his case on the merits.
Counsel shall submit an appropriate order for entry.