DECISION
Before the court is an appeal from a decision of the Personnel Appeal Board (Board) dismissing plaintiff's appeal from a decision of the Department of Administration (Department) for lack of jurisdiction. Jurisdiction is pursuant to R.I.G.L §42-35-15.
 Facts/Travel
The plaintiff, Peter Petrarca, Jr. was employed by the State of Rhode Island, Division of Motor Vehicles as an Automobile Services Specialist for approximately twenty years prior to his termination in March of 1997. Sometime in March of 1997, plaintiff was placed on administrative leave as a result of allegations brought against him involving the destruction of state property and larceny.
On or about March 17, 1997, a hearing was held at the Office of the Administrator for the Division of Motor Vehicles. Upon conclusion of the hearing, the Department concluded that plaintiffs conduct was unacceptable and rendered a decision immediately terminating his employment. In accordance with the decision, plaintiff's termination was to become effective March 24, 1997.
On or about March 17, 1997, subsequent to the hearing, a dismissal letter, from the Department, was hand delivered to the plaintiff. The letter, dated March 17, 1997 and signed by the department director, contained the following language:
 "I have been advised that on March 17, 1997 a pre-disciplinary hearing was held as a result of your allege[d] improper conduct that occurred on the premises of the Safety and Emission Control inspection facility located at 1310 Pontiac Avenue, Cranston, Rhode Island. I have reviewed all the circumstances involved in your case and the recommendation made by the Hearing Officer, Division of Motor Vehicles' Administrator, Thomas M. Harrington.
 . . .
 This is totally unacceptable conduct and cannot be allowed within the State service. It is the decision of the State of Rhode Island to immediately terminate your employment from State service. This termination is effective as of March 24, 1997.
Sometime after receiving the March 17 letter, plaintiff received a Termination Action document. This document, which plaintiff contends was mailed to him on an unascertainable date, had a preparation date of March 20, 1997. The Termination Action document contained plaintiff's termination date along with instructions for appealing the Department's decision. On or about April 23, 1997, plaintiff mailed a letter to the Board appealing his termination and requesting a public hearing. That letter, from plaintiff, was stamped received by the Board on April 25, 1997.
On or about April 30, 1998, plaintiff learned that the Board had denied and dismissed his appeal. As grounds for the dismissal, the Board stated that it lacked jurisdiction. Specifically, the Board noted that plaintiff's appeal was untimely as it had not been filed within thirty days as required by R.I.G.L. § 36-4-42. In arriving at this conclusion, the Board noted that plaintiff's notification of termination was dated March 17, 1997.
Plaintiff is now properly before this Court arguing that the Board erred in dismissing his appeal. Specifically, plaintiff contends that the Board acted arbitrarily, capriciously, and beyond it's authority when it relied on the hand-delivered March 17, 1997 letter as the triggering date, marking the beginning of the appeal period discussed in R.I.G.L. § 36-4-42. Further, plaintiff argues that the thirty day appeal period, outlined in R.I.G.L. § 36-4-42, was triggered by the Termination Action document, which contained language apprising him of his right to appeal. Finally, plaintiff argues since there is no ascertainable mailing date for the Termination Action document, the thirty day appeal period has not begun to run. Alternatively, defendants argue inter alia that hand-delivered dismissal letter triggered commencement of the § 36-4-42 appeal period. Furthermore, the Department argues that the March 17, 1997 dismissal letter was also mailed to the plaintiff therefore satisfying the requirements of § 36-4-42.
 Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L § 42-35-15 (g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute it's judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting it's judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting it's judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support. Rochav. State Public Utilities Comm'n, 694 A.2d 722, 726 (R.I. 1997).
 Section 36-4-42
In pertinent part, section 36-4-42 of the Rhode Island General Laws provides:
 "Any state employee with provisional, probationary, or permanent status who feels aggrieved by an action of an appointing authority resulting in a demotion, suspension, layoff, or dismissal or by any personnel action which an appointing authority might take which causes the person to believe that he or she had been discriminated against because of his or her race, sex, age, disability, or his or her political or religious beliefs, may, within thirty (30) calendar days of the mailing of the notice of that action, appeal in writing to the personnel appeal board for a review or public hearing. . . ."
A plain, clear read of the statute requires that any notice of action be mailed to the aggrieved party. See Newport Court ClubAssociates v. Town Council of Town of Middletown, 716 A.2d 787, 790 (R.I. 1998) (quoting C J Jewelry Co. v. Department ofEmployment and Training, Board of Review, 702 A.2d 384, 385 (R.I. 1997)) ("We have stated on numerous occasions that" "[w]hen the language of a statute is unambiguous and expresses a clear and sensible meaning, there is no room for statutory construction or extension, and we must give the words of the statute their plain and obvious meaning.") Thus, in order to properly address plaintiff's arguments, this court need only ascertain which correspondence triggered the appeal period discussed in §36-4-42.
In Wood v. Ford, 525 A.2d 901 (R.I. 1987), the Rhode Island Supreme Court affirmed a trial judge's decision dismissing petitioner DeSouza's appeal as untimely under § 36-4-42. Id.
at 902. DeSouza, a former Department of Environmental Management (DEM) employee, was notified on October 11, 1978, by letter of dismissal, that his employment would be terminated as of October 13, 1978. The letter, signed by the department director, provided that DeSouza's termination was due to his "`providing and being remunerated, for professional services to applicants for individual sewage disposal permits' while serving as a classified employee in the Division of Water Pollution Control." Id.
In response to this action, on October 26, 1978, Wood filed an appeal with the Board. The trial court found that this appeal did not comply with the time requirements of then § 36-4-42, which provided that "an appeal should be taken within ten days of date of the mailing of the notice of action by the appointing authority." Id. (citing G.L. 1956 (1969 Reenactment) § 36-4-42
as amended by P.L. 1977 ch. 64, § 1). Finding petitioner's appeal had been filed fifteen days after the notification of termination, the court held that the Board could not consider petitioner's appeal on the merits. Id. at 902-03.
This Court finds that the March 17, 1997 dismissal letter constituted notice of action by an appointing authority; namely, "this termination is effective as of March 24, 1997." Section36-4-42 mandates that any appeal of an appointing authority's action be made within thirty (30) calendar days of the mailing of the notice of that action. (Emphasis added.) The subsequent "Termination Action" document, thereafter mailed to the plaintiff, contains a certification provision that "In all cases of dismissal, lay-off, suspension, mandatory retirement, or involuntary retirement . . . this employee was given writtennotice of this action on . . ." a particular date. (Emphasis added.) Accordingly, the dismissal letter, entitled "Administrative Hearing Decision," served as notice of said action therefore triggering the statutory appeal period delineated in § 36-4-42.
In the instant matter the dismissal letter, dated March 17, 1997, was delivered to the plaintiff on or about March 17, 1997. Although plaintiff contends that this letter was initially hand delivered to him, the Department has submitted a copy of a certified mail return receipt indicating that this letter was also mailed to the plaintiff at his home address and was received on March 21, 1997. See Department's Exhibit 2. Because this notice was delivered on March 21, 1997, in all likelihood, it was mailed prior to that date. Regardless of whether this Court were to look at the day the letter was mailed or received, plaintiffs appeal, mailed on April 23, 1997 and received by the Board on April 25, 1997, was filed out of time.
Conclusion
After a review of the entire record, this Court finds that the Board's decision is supported by substantial, reliable and probative evidence of record and is not affected by error of law. Substantial rights of the plaintiff have not been prejudiced. Accordingly, the decision of the Board is affirmed.